## Ross Nomination Petition.

Argued April 30, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

46

*Jonathan DeYoung,* with him *Fox and Fox,* for appellant.

*Alan E. Boroff,* with him *Morris Gerber,* and *Wisler, Pearlstine, Talone & Gerber,* for appellee.

*Horace A. Davenport,* Solicitor, for Montgomery County Election Board, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, May 13, 1963:

William F. Ross, the appellee, desiring to have his name printed in the May 21, 1963, Spring primary as a candidate for a six-year term as supervisor in Upper Merion Township, Montgomery County, obtained the required number of signatures to a nomination petition, and filed the petition on March 18, 1963. The petition contained three affidavits executed by Ross, i.e., as circulator, as candidate, and his loyalty oath.

Thereafter Roland J. Urbano, the appellant, filed a petition with the Court of Common Pleas of Montgomery County asking to have Ross's nomination petition set aside on the ground that while Ross had signed the three affidavits, he had not sworn to them in the presence of the subscribing Notary Public. At the hearing on Urbano's petition, the evidence disclosed that Charles McCracken had identified to the Notary

Public Ross's three signatures to the affidavits and that the Notary, who knew Ross and his signature, had thereupon affixed his jurat in Ross's absence, and without his having taken an oath to any of the three affidavits.

At the hearing before President Judge FORREST on March 28, 1963, and after the time for filing nomination petitions had expired, Ross presented to the Court an amendment to his nomination petition. The amendment contained—and this was the only change—Ross's affidavits as circulator and candidate and his loyalty oath, to each of which he had personally sworn before another Notary Public who thereupon had affixed her signature and seal. The Court thereafter entered an Order denying Urbano's petition to set aside Ross's nomination petition. This appeal followed.

The action of the Court was based on Sections 976 and 977 of the Election Code of June 3, 1937, P. L. 1333, as amended, 25 P.S. §§2936 and 2937. The first of these two sections (namely, 976) provides the rules to be followed by a county board of elections in examining a nomination petition when filed, and specifies seven grounds for rejection. Only one of these grounds is at all relevant to the facts in the instant case. It provides that "No nomination petition . . . shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; . . . ."

Section 977 of the Act of June 3, 1937, P. L. 1333, as amended by Section 1 of the Act of May 21, 1943, P. L. 353, 25 P.S. §2937, provides, "All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court of common pleas of the county in which the nomination petition or paper was filed, specifically set-

ting forth the objections thereto, and praying that the said petition or paper be set aside. . . . If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside. *If the objections relate to material errors** or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments* within such time and upon such terms as to payment of costs, as the said court may specify."

The Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice. Cf. *Reading Election Recount Case,* 410 Pa. 62, 188 A. 2d 254; *Bauman Election Contest Case,* 351 Pa. 451, 41 A. 2d 630. The statute itself compels such a construction. It enumerates specific grounds (of which the instant case is not one) for the mandatory setting aside of a nomination petition. However, with regard to other objections to a nomination petition, even when there are ". . . material errors or defects apparent on the face of the nomination petition . . . or on the face of the accompanying . . . affidavits, the court . . . *may, in its discretion,* permit amendments . . . ."

Under the facts in this case we find no abuse of discretion or error of law.

Order affirmed, each party to pay own costs.

---

* Italics throughout, ours.