## Banks Nomination Petition

*Edward S. Finkelstein*, for petitioner.
*William J. Peters,* for objector.

WICKERSHAM, *J.*, March 21, 1975—Wendell V. Banks has filed petitions to have his name printed upon the official ballot or voting-machine ballot label of the Democratic Party for the primary election for the year 1975 as a candidate for the office of

Harrisburg City Councilman. Andrew M. Bradley, a duly qualified elector of the Democratic Party and a resident of Harrisburg, Dauphin County, Pa., has filed an objection to the nomination papers of the said Wendell V. Banks and the matter is before the court for decision.[1]

The specific objection raised is that when the five separate petitions of Wendell V. Banks were filed with the Dauphin County Board of Elections on the last day for such filing, March 11, 1975, the candidate had inadvertently failed to fill in the affidavit of circulator and the candidate affidavit and loyalty oath. In fact, the fourth or back page of each of the five petitions was blank as far as any writing, signatures, notary seals or the like is concerned.[2]

Wendell V. Banks seeks to amend the defect and, in fact, on March 18, 1975, the said Wendell V. Banks signed the circulator's affidavit on all five petitions, one of which was notarized and the said Wendell V. Banks on the same date, March 18, 1975, signed the candidate affidavit and loyalty oath on all five petitions and his signature was notarized in each case.[3]

The Pennsylvania Election Code provides in pertinent part:

---

1. Acts of June 3, 1937, P.L. 1333, art. IX, sec. 977, and May 21, 1943, P.L. 353, sec. 1, 25 PS §2937.

2. Hearing held in courtroom #3, Friday, March 21, 1975, before Judge Richard B. Wickersham. Edward S. Finkelstein for Banks, the petitioner, William J. Peters for Andrew M. Bradley.

3. The notary has dated the papers March 11, 1975, but at hearing evidence clearly indicated that such was not the fact and that in reality all five petitions were signed and notarized on March 18, 1975, one week beyond the last day for filing nomination petitions.

". . . On the day fixed for said hearing, the court shall proceed without delay to hear said objections, and shall give such hearing precedence over any other business before it, and shall finally determine said matter not later than fifteen (15) days after the last day for filing said nomination petitions or papers. *If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside.* If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify. In case any such petition is dismissed, the court shall make such order as to payment of the costs of the proceeding, including witness fees, as it shall deem just. . . ."[4] (Emphasis supplied.)

Section 976 referred to as above provides in pertinent part:

"When any nomination petition, nomination certificate or nomination paper is presented in the office of the Secretary of the Commonwealth or of any county board of elections for filing within the period limited by this act, it shall be the duty of the said officer or board to examine the same. No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if (a) it contains material errors or defects apparent on the face

4. 25 PS §2937.

thereof, or on the face of the appended or accompanying affidavits. . . ."[5]

In Ross Nomination Petition, 411 Pa. 45 (1963), at 48, the Pennsylvania Supreme Court said:

"The Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice. Cf. *Reading Election Recount Case*, 410 Pa. 62, 188 A. 2d 254; *Bauman Election Contest Case*, 351 Pa. 451, 41 A. 2d 630. The statute itself compels such a construction. It enumerates specific grounds (of which the instant case is not one) for the mandatory setting aside of a nomination petition. However, with regard to other objections to a nomination petition, even when there are '. . . material errors or defects apparent on the face of the nomination petition . . . or on the face of the accompanying . . . affidavits, the court . . . *may, in its discretion,* permit amendments. . . .'" (Emphasis in original.)

The question is, therefore, does the court have discretion under the facts of this particular case to permit amendments to the five petitions? Put another way, does the filing of petitions in blank, without affidavit, constitute material errors or defects apparent on the face thereof?[6] Or, on the other hand, does such filing render the petitions void and not subject to amendment? Our late President Judge Neely had this to say:

"Defects apparent on the face of a nomination petition are amendable under the provisions of the Election Code, §977, 25 P.S. . . . [§] 2937. While amendment of a defective affidavit apparent in the

5. 25 PS §2936 (pocket part).
6. Section 976, 25 PS §2936.

petition in a liberal construction of the statute is permissible after the last day for filing nomination petitions: *Strassburger, et al. v. Johnson,* 12 D. & C. 366, 370 (1929); *Taylor v. Smith,* 66 Dauphin 175, 177 (1954); *Nomination Papers of Bauman, et al.*, 46 Dauphin 37 (1938); *Falls Township Local Option Petition,* 76 D. & C. 489 (1951); the rule is different where there has been a failure to affix any affidavit to the nomination petition. *In such a situation, the petition is fatally defective and is not amendable after the last day for filing; Commonwealth ex rel. v. Morrison,* 63 D. & C. 655 (1948); *Objection to Nomination Paper of Philip Stern,* 59 Dauphin 332 (1948). . . ."[7] (Emphasis ours.)

Certainly, we must liberally construe the Election Code so as not to deprive Mr. Banks of his right to run for office, however, we cannot permit an amendment where there is nothing to amend.

And now, March 21, 1975, the nomination petitions of Wendell V. Banks are hereby set aside.

7. In re: Petition of Di Marcella, 78 Dauph. 388 (1962), at 390.