142 N.J. Super. 480 (1976)
362 A.2d 44
THE MAPLEWOOD BANK AND TRUST COMPANY, A NEW JERSEY BANKING CORPORATION, PLAINTIFF-RESPONDENT,
v.
F.I.B., INC., A NEW JERSEY CORPORATION T/A FARMER GREY'S, AND ROBERT H. BISCAMP, ESQ., DEFENDANTS-APPELLANTS, AND MICHAEL KLIMASHKEY AND LYNDA KLIMASHKEY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 8, 1976.
Decided June 18, 1976.
*482 Before Judges LYNCH, LARNER and HORN.
Mr. Robert H. Biscamp, attorney pro se and for appellant F.I.B., Inc., t/a Farmer Grey's.
Messrs. Holtz, Sirota & Black, attorneys for respondent (Mr. Paul L. Black, of counsel and on the brief).
PER CURIAM.
This is an appeal by F.I.B., Inc. and Robert H. Biscamp, Esq., from a summary judgment entered against them in favor of plaintiff. The judgment directs Biscamp to pay to plaintiff the sum of $7,000 which he is holding in his attorney's trust account for F.I.B. The effect of the judgment is to terminate the litigation insofar as defendants-appellants are concerned. The other defendants, Michael and Lynda Klimashkey, have not filed a brief or otherwise participated in this appeal.
Defendant Michael Klimashkey made out a $7,000 check to the order of "Robert Biscamp Atty. for F.I.B." The check was drawn on plaintiff bank and represented a deposit on a contract for the purchase of F.I.B.'s restaurant and cocktail lounge and the real property in which the business was conducted. Attorney Biscamp deposited the check in his trustee account, and when it was presented to plaintiff bank, plaintiff erroneously paid the entire amount because Klimashkey had only $8.50 in his account.
Plaintiff's complaint sought the imposition of a constructive trust on the proceeds of the check held in Biscamp's trustee account. It also sought damages against Klimashkey and his wife, the co-owner of the account, and an order directing Biscamp to return the $7,000 proceeds to plaintiff.
*483 Plaintiff moved for a summary judgment against Biscamp and F.I.B. On May 22, 1975 the order was granted. On May 28, 1975 Biscamp, representing himself and F.I.B., moved for an order vacating the summary judgment on the ground of excusable neglect in his failing to appear on the return day of the motion for summary judgment. On June 13, 1975 the merits of the application for summary judgment were thoroughly argued before the trial judge. At the conclusion he reaffirmed his earlier order and entered an order denying the motion to vacate. Accordingly, defendants' contention that the trial judge erred in refusing to open the summary judgment on the ground of excusable neglect is without merit.
The only other ground of appeal advanced by defendants is that the trial judge erred in granting summary judgment because F.I.B. was a holder in due course of the check and therefore was entitled to keep the proceeds erroneously paid by the bank. We affirm on the merits. Defendants claim that N.J.S.A. 12A:3-418 rendered payment of this check final as to both defendants and prohibited the bank from recovering the proceeds. We do not agree.
N.J.S.A. 12A:3-418 provides:
Finality of Payment or Acceptance.
Except for recovery of bank payments as provided in the Chapter on Bank Deposits and Collections (Chapter 4) and except for liability for breach of warranty on presentment under the preceding section, payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment.
Contrary to defendants' argument on appeal, F.I.B. was not a holder in due course of this check. It was not, in fact, a holder at all. A holder is "a person who is in possession of * * * an instrument * * * drawn, issued or endorsed to him or his order or to bearer or in blank." N.J.S.A. 12A:1-201(20).
This instrument was not drawn or issued to F.I.B.F.I.B. was not the payee of the check since it was made payable to *484 Biscamp as attorney for F.I.B. N.J.S.A. 12A:3-117(b) provides that an instrument made payable to a named person with the addition of words describing him "as any other fiduciary for a specified person or purpose is payable to the payee and may be negotiated, discharged or enforced by him." Biscamp, not F.I.B., was the payee. Since the check was neither drawn, issued nor endorsed to F.I.B., F.I.B. was never a holder of it and therefore could never have been a holder of the check in due course under N.J.S.A. 12A:3-302.
Moreover, the trial judge correctly ruled that there was no proof here that F.I.B. had relied to its detriment upon payment made by the bank. Assuming, without deciding, that a third party can fall within the final clause of N.J.S.A. 12A:3-418, rendering payment final as to "a person who has in good faith changed his position in reliance on the payment," the fact is that defendants admitted that F.I.B. had found a new buyer for the business after the contract with Klimashkey fell through. Although Biscamp argued at the summary judgment hearing that F.I.B. had relied upon the payment made by the bank, there was no affidavit or other proof that that had actually occurred. It is clear, then, that F.I.B. did not fall within either category of persons as to whom payment or acceptance is final under N.J.S.A. 12A:3-418.
Similarly, Biscamp, although he was the payee and a holder, was neither a holder in due course nor one who had changed his position in reliance upon payment as required by N.J.S.A. 12A:3-418. One of the prerequisites to attaining the status of a holder in due course of a negotiable instrument is that the holder must take the instrument "for value." N.J.S.A. 12A:3-302. A holder takes such instrument for value to the extent that the agreed consideration has been performed or under other circumstances not relevant here. N.J.S.A. 12A:3-303. An executory contract is not value nor is the making of a promise to perform in the future within the requirements for the status *485 of a holder in due course. 2 Anderson, Uniform Commercial Code (2 ed. 1971), § 3-303:6 at 837.
Defendants assert that the holding in Liberty Trust Co. v. Haggerty, 92 N.J. Eq. 609, 612 (Ch. 1921), aff'd o.b. sub nom. Liberty Trust Co. v. Ford, 93 N.J. Eq. 198 (E. & A. 1921), supports their position. We do not share that view. That case (decided long before the Uniform Commercial Code was adopted in our State in 1961) merely held that one receiving the proceeds of a check which was erroneously paid by the drawee-bank may retain same as against the bank where applied to an antecedent debt. The court held that by virtue of N.J.S. 7:2-25 (formerly C.S. § 25 at 3738), § 25 of the negotiable instruments law, which was repealed with the enactment of the Uniform Commercial Code, the payee of the check was a holder in due course. N.J.S. 7:2-25 provided in part that "an antecedent or pre-existing debt constitutes value" required, among other things, as a prerequisite to one's standing as a holder in due course. This same provision is now a part of the U.C.C., N.J.S.A. 12A:3-303(b). Cf. O.P. Ganjo, Inc. v. Tri-Urban Realty Co., Inc., 108 N.J. Super. 517, 522-523 (Law Div. 1969).
The record before us does not establish that either defendant gave "value." As noted in U.C.C. Comment #3, N.J.S.A. 12A:3-418: "If no value has been given for the instrument the holder loses nothing by the recovery of the payment * * * and is not entitled to profit at the expense of the drawee * * *."
For the foregoing reasons the judgment is affirmed.