359 A.2d 383

**In re Nomination Petition of Keith M. CIANFRANI.**

**Appeal of Mary A. CUBBAGE.**

Supreme Court of Pennsylvania.

Argued March 11, 1976.

Decided July 6, 1976.

492

Frank M. Jackson, Philadelphia, for appellant.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

On February 17, 1976, appellee, Keith M. Cianfrani, timely filed a nominating petition for the office of member of the ward executive committee of the Democratic Party for the 55th Ward, 7th Division, City of Philadelphia. An objection was filed by Ms. Mary A. Cubbage, appellant, asserting the invalidity of the petition on the ground that: "The candidate was not a registered voter at the time he took the candidate's affidavit." The hear-

ing court dismissed the objection and an appeal was had to this Court.[1]  After oral argument we entered an order on March 12, 1976, reversing the court below and directing that the petition of Mr. Cianfrani be set aside.  The reasons for that ruling are set forth herein.

The facts of this case are not in dispute.  Appellant executed the affidavit for a candidate as required by Section 910 of the Election Code[2] on February 16, 1976.  Section 910 provides that in the case of a candidate for a party office he must aver that he is a registered and enrolled member of the designated party and that such an averment was in fact made in the affidavit in question.  Mr. Cianfrani was not a registered and enrolled member of the Democratic Party on February 16, 1976, and did not become one until February 17, 1976 prior to the filing of the nomination petition.  The hearing court, construing the issue to be whether or not Mr. Cianfrani was a qualified candidate for the office *at the time of the filing of his petition,* concluded that he was and dismissed the objections.  In reaching this result, the court reasoned: "There is no requirement in the Code which requires a candidate to be registered at the time of circulation and signing."

We believe the learned hearing court failed to fully perceive the basic issue raised in this appeal.  The thrust of appellant's argument is directed to the validity of the nomination petition and not the qualification of the candidate at the time of the filing of the petition.  Ms. Cubbage argues that the candidate's affidavit was void and therefore the petition was fatally defective.  While the petition has legal efficacy only from the time it is filed in the appointed office, the affidavit affixed necessarily

1.  The appeal to this Court is pursuant to the Appellate Court Jurisdiction Act, 1970, July 31, P.L. 673, No. 223, art. II, § 202(2);  17 P.S. 211.202(2).

2.  Act of June 3, 1937, P.L. 1333, art. IX, § 910, as amended, June 27, 1974, P.L. 413, No. 146, § 1, 25 P.S. § 2870 (Supp.1975–76).

speaks from the moment the oath was administered. The question, thus, was not whether Mr. Cianfrani was qualified to hold the office at the time the petition was filed, but rather whether a petition can be valid if it is supported by a false candidate's affidavit.

First, our cases have made clear that the provisions of the election laws relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities but are necessary measures to prevent fraud and to preserve the integrity of the election process. See, e. g., *Catherine Township Liquor Referendum Case*, 382 Pa. 291, 293, 114 A.2d 145, 146 (1955); *Harrisburg Sunday Movie Petition Case*, 352 Pa. 635, 638, 44 A.2d 46, 47 (1945). The requirements of sworn affidavits are to insure the legitimacy of information crucial to the election process. Thus, the policy of the liberal reading of the Election Code cannot be distorted to emasculate those requirements necessary to assure the probity of the process.

It has not been argued nor could it be successfully maintained that the failure to affix an affidavit of the candidate would not be a fatal defect. *Gregg v. Morrison*, 59 Dauph. 35 (1948); *Howe v. Campbell*, 60 D & C 10 (1947). As a corollary it must necessarily follow that a false affidavit must be *at least* equated with the failure to execute the affidavit. Without inquiring into the intentions of the parties and assuming the absence of any wrongful intent, the fact remains that when the affidavit was taken the facts sworn to were not true. Such a defect cannot be cured by subsequent conduct and the petition was therefore void and invalid.

Order filed March 12, 1976.

EAGEN and MANDERINO, JJ., dissent.