524 A.2d 1072

In Re: Nomination Petitions of Mary A. McAndrew, 201 Canaan Street, Carbondale, Pennsylvania. For the Republican and Democratic Nominations for District Justice of District 45-3-03, Lackawanna County, Pennsylvania. Robert E. Snyder, Appellant.

Argued April 21, 1987, before Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*John A. Bednarz, Jr.,* for appellant.

*James J. Powell, III,* with him, *Patrick M. Connolly, Powell, Powell & Powell,* for appellee.

OPINION BY JUDGE CRAIG, April 28, 1987:

In this election case, Robert Snyder, as an objector to a nominating petition, has appealed from an order of the Court of Common Pleas of Lackawanna County, acting as a board of elections, which authorized Mary McAndrew, a candidate for the office of district justice, to amend the candidate's affidavits and loyalty oaths on each of the four sheets of her nominating petition by

adding her signatures, which she had failed to subscribe on all four forms.

The record developed at an evidentiary hearing in the trial court established, apparently to the satisfaction of that court, that an incumbent district justice had duly administered the respective oaths to the candidate and had properly executed the jurat appended to each form, confirming that the candidate had sworn to each of them.

As the objector points out, section 976 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2936, requires that affidavits must accompany a nomination petition if it is to be acceptable for filing. That section in part states:

> No nomination petition . . . shall be permitted to be filed if (a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits . . . .

Section 977 of the Election Code, 25 P.S. §2937, relating to nomination petition objections, confirms the essentiality of the affidavits as integral parts of nomination petitions by stating that, for the purposes of that section:

> [A] nomination petition or paper shall include all affidavits required to be filed with such nomination petition or paper under this act.

The same section establishes the extent to which a court may allow amendments with respect to defects, by stating:

> If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as

to payment of costs, as the said court may specify.

The objector's brief acknowledges that defects apparent on the face of a nomination petition are amendable, including defects in an affidavit, but the objector takes the position that the unsubscribed affidavits do not merely constitute affidavits with defects, but are nullities and therefore do not constitute affidavits at all in a legal sense.

Therefore, the question here presented is: Where a candidate has duly sworn to the content of the candidate's affidavits and oaths within her nomination petition, but has failed to subscribe her signature to them, must the courts regard the nomination petition sheets as devoid of the required affidavits, or as amendable for the purpose of remedying the absence of subscribed signatures of the deponent?

The objector relies upon *In Re Petition of Cianfrani,* 467 Pa. 491, 359 A.2d 383 (1976), which confirmed the necessity of valid affidavits upon nominating petitions and declared petitions to be void where the record establishes the falsity of the affidavits.

However, there is no claim that the affidavits in this case are false. The governing precedent here is *Kloiber Nomination Petition,* 26 Pa. Commonwealth Ct. 50, 362 A.2d 44 (1976) which recognized that nomination petitions with no affidavits at all are fatally defective, but held that a court may allow amendment of improperly completed affidavits. In that case, this court approved an amendment allowing the affixing of missing notary public seals relating to the candidate's and circulator's affidavits.

The objector in this case contends that, unlike the confirmatory seal of the notary public, the deponent's signature below these affidavits is essential to their legal existence, likening an unsigned affidavit to an unsigned will.

However, although it is axiomatic that the law requires that a will be signed at the end in order to have legal effect, there is no such requirement applicable to affidavits. Except where the positive law mandates the addition of a signature to a record of oath administration—as in the case of pleading verifications, see Pa. R.C.P. No. 1024(a)—the signature of the deponent is not an essential element of an affidavit. Black's Law Dictionary 54 (5th ed. 1979) defines an affidavit as follows:

> A written or printed declaration or statement of facts made voluntarily and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. (Citations omitted.)

Thus, for valid existence, the affidavits here need not be accompanied by subscribed signatures because neither the Election Code nor any other statute requires the signing of such affidavits. Only the administrative formulation of the nomination petition sheets has called for such subscription, so that failure to sign merely results in incomplete execution of the form.

Therefore, the absence of the deponent's signatures, being facially apparent defects, were amendable, as President Judge WALSH and Judge COTTONE, of the Court of Common Pleas of Lackawanna County, correctly found. This court affirms the dismissal of the objections.

### ORDER

Now, April 28, 1987, the order of the Court of Common Pleas of Lackawanna County, acting as County Board of Elections, dated March 20, 1987, is hereby affirmed.