574 A.2d 127

**In re NOMINATION PETITION of Marsha FOWLER, 51 Ward, 15 Division.**

**Appeal of Ronald SHARPER.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1990.
Decided May 8, 1990.

Ronald J. Sharper, pro se.

Robert J. Mulligan, Robert J. Mulligan, Inc., P.C., for appellee.

Before DOYLE, COLINS and SMITH, JJ.

DOYLE, Judge.

Before us for consideration is the appeal of Ronald Sharper from a judgment of the Court of Common Pleas of Philadelphia County which denied his petition to set aside the nomination petition of Marsha Fowler as a candidate for Democratic Party Ward Executive Committee in the Fifty-first Ward, Fifteenth Division. We affirm.

The issue before the common pleas court which is now before this Court on appeal is whether Fowler's failure to affix her signature to the circulator's affidavit was an amendable defect under Section 977 of the Pennsylvania Election Code (Election Code),[1] 25 P.S. § 2937. Fowler testified before the common pleas court that she had personally circulated the nomination petition and signed the candidate's affidavit before a notary, but that she had forgotten to sign the circulator's affidavit when that was notarized. (N.T. 3/27/90 at 3–7.) Upon further questioning by the court, Fowler also testified that the notary failed to formally administer the circulator's oath. (N.T. 3/27/90 at 5–6.) Based upon that failure, the common pleas court initially sustained the petition to set aside. However, upon reconsideration the court determined, pursuant to *Ross Nomination Petition*, 411 Pa. 45, 190 A.2d 719 (1963), that the oath taken at the hearing before it by Ms. Fowler established sufficient formality to satisfy the requirements of the Election Code.[2] Having so decided, the court then further concluded that Fowler's failure to sign the circulator's affidavit was an amendable defect.

Our research indicates that although the question of whether an affidavit unsigned under the circumstances herein is amendable has not often been addressed by the courts, those which have confronted the issue have comprehensively dealt with it. One of the earliest was *Nomination Paper of Stern*, 59 Dauph. 332, 65 D. & C.2d 64 (C.P.Pa.1948), wherein Judge Woodside wrote the following:

> Petitioner's objection to the sheet containing an affidavit of a qualified elector but lacking his signature is not well taken.

---

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2601–3591.
2. We addressed this issue in *Nomination Petition of Graham,* —— Pa. Commonwealth Ct. ——, 574 A.2d 1182 (1990, simultaneously with the filing of this opinion). Therein, we noted that in *Wolfe v. Switaj,* 106 Pa. Commonwealth Ct. 1, 525 A.2d 825 (1985), this Court held that the presentation of the completed affidavit form to the notary by the candidate or the circulator is a representation that fulfills the "depose and say" requirement of their respective oaths.

In *In re: Nomination Papers of Bauman et al.*, 46 Dauphin 37 (1938), this Court permitted the affidavit of a qualified elector to be amended to show the name of the persons who actually circulated the petition when it appeared that the persons who made the original affidavits did not have the requisite knowledge to make same.

In the recent cases of *Commonwealth of Pennsylvania ex rel. Gregg v. Morrison, Secretary of the Commonwealth*, 59 Dauphin 35 (1948) and *Commonwealth of Pennsylvania ex rel. Hirsh v. Morrison, Secretary of the Commonwealth*, 59 Dauphin 39 (1948) we did not permit affidavits on nomination petitions to be amended because in both those cases there were no affidavits to be amended, the form being either entirely blank or not attached at all.

In the case now before us there is an executed affidavit lacking only the signature of the affiant which is a proper subject for amendment.

*Id.* 59 Dauph. at 333–34, 65 D. & C.2d at 66.

From *Stern*, it is clear that distinctions must be made on the one hand between situations where the affidavit is absent and therefore there is nothing to amend, as this Court recognized in *Kloiber Nomination Petition*, 26 Pa. Commonwealth Ct. 50, 362 A.2d 484 (1976), or where the affidavit is fraudulent, which of course, is *not* apparent on the face and which, if established, is not amendable, as in *Nomination Petition of Cianfrani*, 467 Pa. 491, 359 A.2d 383 (1976) (candidate who was not a registered and enrolled member of the designated party had executed an affidavit averring that he was—false affidavit not cured by subsequent registration and enrollment); and on the other hand, those situations where the defect *is* obvious on the face of the affidavit and the affidavit is merely incomplete, as in *Nomination Petition of McAndrew*, 105 Pa. Commonwealth Ct. 503, 524 A.2d 1072 (1987), where this Court affirmed an order of the Court of Common Pleas of Lackawanna County which allowed a candidate who had duly sworn to the content of the candidate's affidavits and

oaths [3] within the nomination petition, but failed to subscribe her signature to them, to amend the petition by subsequently adding· her signature, and as in *Kloiber*, where the court approved an amendment allowing the affixing of missing notary public seals on the candidate's and circulator's affidavits.

These cases establish the distinction between those nomination petitions and accompanying affidavits which are fraudulent or are a nullity because an essential statutory requirement is missing completely, and those petitions and affidavits in which the defects are not only facially apparent, but are obvious errors caused either by inattention to detail or confusion on the part of the candidate, circulator or notary in completing the forms. Underlying these latter cases is the legal principle articulating the policy subsumed in the Election Code that technical and harmless defects should not be used to deny citizens access to the electoral process. As our Supreme Court stated in *Ross*, "[t]he Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice." 411 Pa. at 48, 190 A.2d at 720.

We find the reasoning in these cases to be both equitable and logical in establishing the legislative intent, and the *McAndrew* decision to be directly on point and controlling the matter now before us. Accordingly, based on the above discussion, we affirm the judgment of the common pleas court which allowed the amendment of the circulator's affidavit.

COLINS, Judge, dissenting.

I dissent. The submission of an unsigned, non-notarized affidavit is not an amendable defect.

Sections 976 and 977 of the Pennsylvania Election Code (Election Code),[1] 25 P.S. §§ 2936, 2937, require that a candi-

3. See *supra* note 2.
1. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601–3591.

date submit a nomination petition containing a circulator's affidavit, and a candidate's affidavit, within prescribed time limits. In the instant matter, an affidavit simply was not submitted, because an affidavit, per se, must have the affiant's name and sworn signature. The majority is not liberally construing the Election Code; it is, instead, abolishing any necessity to timely comply with its mandatory requirements.

## ORDER

NOW, May 8, 1990, the judgment of the Court of Common Pleas of Philadelphia County placing the candidate's name on the ballot is affirmed.

The Board of Elections of Philadelphia County is directed to certify the name of Marsha Fowler as a candidate for the Democratic Party Ward Executive Committee, 51st Ward, 15th Division.

The Prothonotary is directed to notify forthwith the parties and also forward a certified copy of this order to the Board of Elections of Philadelphia County.