574 A.2d 1182

**In re Nomination Petition of Josephine GRAHAM, 51
Ward, 10 Division.**

**Appeal of Vivian T. MILLER.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1990.

Decided May 8, 1990.

Ronald J. Sharper, for appellant.

Robert J. Mulligan, Robert J. Mulligan, Inc., P.C., for appellee.

Before DOYLE, COLINS and SMITH, JJ.

DOYLE, Judge.

Before us for consideration is the appeal of Vivian T. Miller from a judgment of the Court of Common Pleas of Philadelphia County which denied her petition to set aside the nomination petition of Josephine Graham as a candidate for Democratic Party Ward Executive Committee, Fifty-first Ward, Tenth Division. We affirm.

The issue before the common pleas court which is now before this Court on appeal is whether a "mismatched" circulator's affidavit attached to Graham's nomination petition is an amendable defect under Section 977 of the Pennsylvania Election Code (Election Code),[1] 25 P.S. § 2937. The affidavit was "mismatched" in that the actual circulator, Horrita Bell, signed her name on the proper line of the circulator's affidavit, but the name of the candidate (Graham) was printed in the body of the affidavit form. Ms. Bell testified before the common pleas court that she personally circulated the nomination petition, that she executed the circulator's affidavit[2] before a notary, and that Graham's name was mistakenly printed in the body of the affidavit form. (N.T. 3/27/90 at 3–4). Upon cross-examination, Ms. Bell also testified that the notary failed to formally administer the circulator's oath. (N.T. 3/27/90 at 5). Based upon that failure, the common pleas court sustained the petition to set aside. However, upon reconsideration the court determined, pursuant to *Ross Nomination Petition*, 411 Pa. 45, 190 A.2d 719 (1963), that the oath taken before it at the hearing by Ms. Bell established sufficient formality to satisfy the requirements of the Election Code. Having so decided, the court then further concluded that the mismatch of the circulator's signature and the candidate's name in the body of the affidavit was an amendable defect.

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2601–3591.

2. Denoted in the nomination petition as "Affidavit of Qualified Elector."

■ As a threshold consideration, with regard to the circulator's oath, we held in *Wolfe v. Switaj*, 106 Pa. Commonwealth Ct. 1, 525 A.2d 825 (1985), that because the candidate's affidavit requires only that a candidate appear before the notary and "depose and say" that he or she is a candidate for a particular office, the presentation of a completed form to the notary is a representation by the candidate which fulfills the "depose and say" requirement. We further held that "[t]his same reasoning applies to . . . protest[s] that oaths were not administered to circulators." *Id.*, 106 Pa.Commonwealth Ct. at 7, 525 A.2d at 828. Accordingly, based upon the record before the common pleas court, it is clear that the circulator's affidavit was sufficient with regard to the oath.

■ We turn now to the issue of whether the mismatched name and signature on the circulator's affidavit is an amendable defect under Section 977 of the Election Code. That section provides in pertinent part that "material errors or defects apparent . . . on the face of the accompanying or appended affidavits" are amendable after hearing at the discretion of the court. It is beyond peradventure that the mismatched name and signature on the circulator's affidavit in this case is a defect apparent on the face of the affidavit.[3] While we have not found, nor have any decisions on point by this Court been cited to us by the parties, the Superior Court has addressed this very issue in *Conner Appeal*, 175 Pa.Superior Ct. 382, 104 A.2d 758 (1954). The *Conner* Court held that where there was an obvious error in a circulator's affidavit in that the name of the candidate rather than the affiant had been typed in, the common pleas court did not abuse its discretion by permitting an amendment to the affidavit striking out the candidate's name and inserting the affiant's name. We find this decision persuasive and controlling, and accordingly affirm the judgment of the common pleas court which allowed the amendment of the circulator's affidavit.

**3.** As distinguished from the situation where the genuineness of the signature is called into question, which requires the receipt of evidence extrinsic to the face of the document. *Nomination Petition of Minotti,* 132 Pa.Commonwealth Ct. 623, 574 A.2d 119 (1990).

74

## ORDER

NOW, May 8, 1990, the judgment of the Court of Common Pleas of Philadelphia County placing the candidate's name on the ballot is affirmed.

The Board of Elections of Philadelphia County is directed to certify the name of Josephine Graham as a candidate for the Democratic Party Ward Executive Committee, 51st Ward, 10th Division.

The Prothonotary is directed to notify forthwith the parties and also forward a certified copy of this order to the Board of Elections of Philadelphia County.

COLINS, Judge, dissenting.

I dissent for the reasons stated in the dissenting opinion in the matter of *In re: Nomination Petition of Marsha Fowler*, 132 Pa.Commonwealth Ct. 639, 574 A.2d 127 (1990).