In Re The Nomination Petition of Rodney A. BEDOW, Sr. for Member of the Republican State Committee from Venango County in the Primary Election of April 27, 2004.

Rodney A. Bedow, Sr., Petitioner,

v.

Honorable Pedro A. Cortes, Secretary of the Commonwealth and Honorable Monna J. Accurti, Commissioner of the Bureau of Commissions, Elections and Legislation of the Department of State, Respondents.

Commonwealth Court of Pennsylvania.

Submitted March 10, 2004.
Decided March 11, 2004.
Publication Ordered May 3, 2004.

---

Rodney A. Bedow, Sr., petitioner pro se.

Louis L. Boyle, Harrisburg, for respondents.

BEFORE: KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Presently before this Court for disposition in our original jurisdiction is a Mandamus Petition for Leave to Amend Nomination Petition (Mandamus Petition) filed by Rodney A. Bedow, Sr. (Bedow).

On February 17, 2004, Bedow filed his Nomination Petition for Member of Republican State Committee from Venango County (Nomination Petition) with the Secretary of the Commonwealth. The Nomination Petition consisted of five pages with a purported total of 108 elector signatures. Pursuant to Section 912.1(30)

of the Pennsylvania Election Code (Election Code),[1] 100 valid signatures are necessary.

Bedow's Nomination Petition was rejected by the Bureau of Commissions, Elections and Legislation of the Department of State (Bureau). The rejection notice explained that the submitted Nomination Petition was "not in the form prescribed by the Secretary of the Commonwealth. As a result, the signatures contained in the Nomination Petition cannot be counted."

Bedow timely filed an action in mandamus asserting that the failure to use the proper form is an amendable defect. A hearing before this Court was held on March 10, 2004. At the hearing, Bedow, who appeared *pro se*, testified that on February 12, 2004, he attempted to obtain nomination forms from the Board of Elections of Venango County, but they could not locate the forms. Unaware that the Election Code had been changed, Bedow testified that he obtained forms from a friend who had run for office two years earlier. Bedow testified that he used the old form for his Nomination Petition and that the old form did not include a space for the signing elector to legibly print his/her name.

In opposition to Bedow's Mandamus Petition, the Bureau presented the testimony of Jonathan Marks, Legal Assistant with the Bureau, and introduced exhibits. Marks testified that the Election Code, as amended in 2002, now requires signing electors to legibly print their name in addition to providing their signature. Marks testified that the new forms reflecting the statutory amendment were prescribed by the Secretary of the Commonwealth. Marks testified that the County Election Directors and County Contacts for Voter Registration were notified of the statutory change and form by memo; this memo was introduced into evidence. Marks testified that the new forms were distributed statewide to the Democratic and Republican State Committees. Marks testified that anyone seeking a copy of the new form could also contact the Bureau directly and request a form.

Marks testified that the Nomination Petition submitted by Bedow was rejected because it was not on the new form prescribed by the Secretary as it did not contain the electors' printed names. Marks testified that this defect could not be amended after the fact. Marks testified that over 1200 nomination petitions were filed with the Bureau for the ensuing primary election; of those, only three nomination petitions had utilized the old forms.

Among the exhibits introduced and admitted into evidence was a letter from Stephen C. MacNett, Majority General Counsel of the Senate of Pennsylvania, to Larry Boyle, Deputy Chief Counsel of the Department of State. Respondents' Exhibit 1. This letter discussed the new requirement that the elector legibly print his or her name on the nomination petition. The letter explained that the amendment would not take effect until the 2004 election cycle. "The delay in the effective date was designed to allow for the preparation and availability of blank forms and papers conforming with this provision." *Id.* The letter continued:

It is believed that the original purpose of requiring an elector to state occupation when signing a nomination petition or paper was to facilitate identification of the elector by individuals reviewing and potentially challenging the adequacy

---

1. Act of June 3, 1937, P.L. 1333, *as amended, added by* the Act of December 12, 1984, P.L. 968, *as amended,* 25 P.S. § 2872.1(30).

of nomination petitions or papers. It is my sense that legislators believed that the printed name would be more useful in identifying signers of petitions and papers and therefore verifying their eligibility than was listing occupation (particularly since occupations are changing at an increasing rate and frequently electors do not notify election officials of the occupation changes).

*Id.* Examples of the new and old form were also introduced and admitted into evidence.

Whether the failure to use the nomination petition conforming to the statutory requirements and prescribed by the Secretary of the Commonwealth is an amendable defect is an issue of first impression for this Court. If amendable, is it a basis of a valid count of mandamus?

■ We begin our analysis by recognizing that the Election Code is to be liberally construed so as to protect a candidate's right to run for office and the voters' rights to elect the candidate they want. *In re Nomination Petition of Johnson,* 509 Pa. 347, 502 A.2d 142 (1985). Technical and harmless defects should not be used to deny citizens access to the electoral process. *In re Nomination Petition of Fowler,* 132 Pa.Cmwlth. 639, 574 A.2d 127 (1990). However, provisions of Election Code relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities, but are necessary measures to prevent fraud and to preserve the integrity of the election process. *In re Nomination Petitions of McIntyre,* 778 A.2d 746 (Pa.Cmwlth.), *aff'd,* 770 A.2d 326, 564 Pa. 670 (2001).

■ Mandamus is an extraordinary writ. *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981); *Citizens Committee to Recall Rizzo v. Board of Elections of City and County of Philadelphia,* 470 Pa. 1, 367 A.2d 232 (1976). It will only be granted to compel performance of a ministerial duty where the petitioner establishes a clear legal right to relief and a corresponding duty to act by the respondent. *Rizzo; Waters v. Pennsylvania Department of Corrections,* 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986). Mandamus is not proper to establish legal rights, but is only appropriately used to enforce those rights, which have already been established. *Id.* The burden of proof is clearly upon the party seeking this extraordinary remedy to establish his legal right to such relief. *Rizzo.*

■ Section 951(a) of the Election Code, 25 P.S. § 2911(a), provides, in relevant part, that the "nomination papers shall be in form prescribed by the Secretary of the Commonwealth, and no other forms than the ones so prescribed shall be used for such purposes." When the Secretary of the Commonwealth sends out a form of nomination paper for nominating candidates, this form becomes, under the law, the only legal form that can be used for nominating candidates. *In re Citizens Party Nomination Papers,* 8 Pa. D. & C. 125, 130 (1925).

Section 951(c) of the Election Code provides that "[e]ach person signing a nomination paper shall declare therein that he is a qualified elector of the State or district, as the case may be, and shall add to his signature **his legibly printed name** and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing . . . ." Section 951(c) of the Election Code (emphasis added). The General Assembly added the requirement that the qualified signing elector shall add his/her "legibly printed name" to the nomination petition by the Act of December 9, 2002, P.L. 1246.

The amendment substituted "legibly printed name" for "occupation." The amendment did not take effect until a full year after its enactment on December 9, 2003. Following this amendment, the Secretary of the Commonwealth prescribed new forms to conform with the current law effective in the 2004 general primary and subsequent elections.

■ Here, there is no dispute that Bedow circulated nomination petitions using an old form which does not reflect the current law. The forms circulated by Bedow contained a space for occupation, but not for the elector's printed name. Although this form was, at one point, in conformance with the prior law, upon revision of the Election Code, the Secretary prescribed new forms and distributed these new forms statewide. As a result, the five nomination papers utilized by Bedow are not in conformance of law or in the form prescribed by the Secretary of the Commonwealth.

■ The requirement that signing electors legibly print their names on the nominating petition is mandatory. The absence thereof violates Section 951(c) of the Election Code which requires the elector to "add to his signature his legibly printed name." This defect is incapable of amendment by the candidate because Section 951(c) requires the "elector" to add his printed name with his signature. As a result, Bedow does not have a clear legal right to relief requested.

Accordingly, Bedow's Mandamus Petition is dismissed.

### ORDER

AND NOW, this 11th day of March, 2004, the Mandamus Petition for Leave to Amend Nomination Petition filed by Rodney A. Bedow, Sr. is DISMISSED.

Each party to bear his own costs.