IN THE COMMONWEALTH COURT OF PENNSYLVANIA

All State Signz Company,       :
                   Appellant   :
                                 :
             v.              :   No. 293 C.D. 2016
                                 :   Argued: November 14, 2016
Burgettstown Borough       :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE JOSEPH M. COSGROVE, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: February 6, 2017

All State Signz Company (All State) appeals an order of the Court of Common Pleas of Washington County (trial court) granting summary judgment to Burgettstown Borough (Borough). In doing so, the trial court denied All State's request for a writ of mandamus to compel the issuance of billboard permits that All State contended had been deemed approved by operation of law. We reverse and remand.

In 2012 and 2013, All State signed lease agreements with three landowners to erect billboards on their properties, all of which are located in the Borough. Subsequently, Richard Zelenko, All State's owner, went to the Borough's office to inquire about applying for billboard permits. The Borough advised him that it did not have a standard application for such permits. However, it gave him a copy of an excerpt from the Borough's Zoning Ordinance[1] regulating signs and billboards. Included therein was a provision entitled "Section 213. Billboards and Advertising Signboards," which provided:

---

[1] BURGETTSTOWN ZONING CODE OF 1976 (Zoning Ordinance), Ch. XXVII, Part 9, Section 213.

Billboards or advertising signboards may be erected and maintained in commercial and industrial districts, only when they relate or refer directly to the use conducted on the premises, or to the material or products made, sold or displayed on the premises. (July 10, 1961, Article IX, Section 902)

Reproduced Record at 12a (R.R. __); Certified Record (C.R.), Complaint, Exhibit B, at 2.

In accordance with the Borough's instructions, All State prepared and submitted its own applications for permits for billboards that would advertise businesses not located on the premises where the billboards would be erected. It presented these applications at a Borough Council meeting held on September 9, 2013. All State's counsel attended the meeting, but the Borough Council did not act upon the applications. On March 12, 2014, All State filed a complaint in mandamus to compel the Borough to issue the billboard permits on the basis that they had been deemed approved by operation of law.

In the complaint, All State alleged that its attorney was advised at the September 9, 2013, Borough Council meeting that the Borough did not have a Zoning Officer or Zoning Hearing Board. Rather, the Borough Council acted as Zoning Officer and Zoning Hearing Board. All State further alleged, referring to the minutes of the September 9, 2013, meeting, that Councilman Reed had "gathered all information and stated [that] council would be in touch" regarding All State's permit applications. R.R. 6a; C.R., Complaint, ¶15. However, "[n]o action, decision or written communication of any nature has been done by [Borough] Council, nor has any request for information been submitted to [All State]." R.R. 6a; C.R., Complaint, ¶17. All State claimed that the Borough was statutorily required to process its applications within 45 days, and having failed to

2

do so, the Borough's only remaining duty was strictly ministerial, *i.e.*, to issue the permits. In its complaint, All State quoted Section 213 of the Zoning Ordinance and stated: "[t]he above-quoted ordinance, adopted in 1961, therefore excludes any billboard advertising of anything not produced, made, sold or displayed on site. It is therefore completely exclusionary to an otherwise lawful use." R.R. 7a; C.R., Complaint, ¶¶22-23.

The Borough filed an answer with new matter claiming, among other things, that it "at all relevant times had a Zoning Hearing Board." R.R. 40a; C.R., Answers and New Matter, ¶20. The Borough then filed a motion for summary judgment. The parties submitted briefs, and the trial court heard oral argument.

The Borough argued that All State did not have a clear legal right to the issuance of the billboard permits. Although All State alleged that it was applying for zoning permits, its complaint cited to provisions of the Pennsylvania Construction Code Act,[2] which was inapplicable to the permits in question. Alternatively, the Borough argued that it could not issue the permits to All State because Section 213 of the Zoning Ordinance prohibits a billboard advertising a business not located on the premises. The Borough alleged that All State was aware of this prohibition because it had been given a copy of the Zoning Ordinance by the Borough. The Borough argued that because All State was essentially raising a validity challenge to the Zoning Ordinance, it was not entitled to mandamus relief.

---

[2] Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. §§7210.101-7210.1103.

3

The Borough argued that All State was required to submit its applications to its Zoning Officer or to its Zoning Hearing Board, which has jurisdiction over the applications. Accordingly, All State could not compel the Borough to issue the permits. The Borough further asserted that even if All State's submission of its applications to the Borough Council were proper, the Council did not accept these applications for filing and never held a hearing on them.

To support these factual claims, the Borough submitted a copy of the Burgettstown Zoning Code of 1976, which requires the Borough Council to appoint and organize a Zoning Hearing Board. It also submitted an affidavit executed by Tom Repole, who attested that he was the former president and a current member of the Zoning Hearing Board. R.R. 120a, 133a-135a; C.R., Motion for Summary Judgment, Exhibit B, at 2. In response, All State submitted an affidavit executed by its attorney stating that the Borough informed him that it did not have a Zoning Hearing Board and that the Borough Council would be acting in that capacity at its September 9, 2013, meeting. R.R. 202a-203a; C.R., Brief in Support of Answer to Motion for Summary Judgment, Exhibit B, at 2.

Finding there was no material fact in dispute, the trial court granted the Borough's motion for summary judgment. The trial court found that All State's complaint raised a validity challenge to Section 213 of the Zoning Ordinance, which All State described as "completely exclusionary to an otherwise lawful use." R.R. 240a; Trial Court op., 1/13/16, at 4. The trial court also found that All State had knowledge "from the start and throughout these proceedings that the validity of Section 213 was at issue," based on All State's acknowledgment

4

that it received a copy of the Zoning Ordinance from the Borough. *Id*. The trial court concluded as follows:

> Where the right asserted by [All State] (i.e., the right to billboard permits) depends upon first establishing the invalidity of Section 213, the right to the permits is not sufficiently clear to constitute the basis for a writ of mandamus…. Moreover, a mandamus action is barred when the validity of the ordinance in question is challenged.

R.R. 40a-41a, Trial Court op., 1/13/16, at 4-5. All State now appeals to this Court.[3]

On appeal, All State argues that the trial court erred in granting the Borough's motion for summary judgment. Specifically, All State contends that the trial court erred in concluding that All State does not have a clear right to relief; that no material issues of fact existed; and that All State was required to challenge the validity of the Zoning Ordinance before filing a mandamus action.

A motion for summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Flood v. Silfies*, 933 A.2d 1072, 1074 (Pa. Cmwlth. 2007). A fact is material if it directly affects the disposition or the outcome of a case. *Department of Environmental Protection v. Delta Chemicals, Inc.*, 721 A.2d 411, 416 (Pa. Cmwlth. 1998). The right to judgment must be clear and free from doubt. In

---

[3] This Court's standard of review of a grant of summary judgment is *de novo*, and our scope of review is plenary. We apply the same standard for summary judgment as the trial court. *Cochrane v. Kopko*, 975 A.2d 1203, 1205 (Pa. Cmwlth. 2009). A grant of summary judgment is only appropriate where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Farabaugh v. Pennsylvania Turnpike Commission*, 911 A.2d 1264, 1267 n.3 (Pa. 2006).

reviewing the grant of a motion for summary judgment, this Court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Flood*, 933 A.2d at 1074 (quotations omitted).

All State's mandamus complaint was premised on its theory that the Borough Council's inaction on its billboard permit applications resulted in deemed approvals of the applications. Section 908 of the Pennsylvania Municipalities Planning Code (MPC)[4] provides, in relevant part:

> The [zoning hearing] board shall conduct hearings and make decisions in accordance with the following requirements:
>
> * * *
>
> (9) The board or hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board or hearing officer…. Except for challenges filed under section 916.1[5] *where the board fails to render the decision within the period required by this subsection …, the decision shall be deemed to have been rendered in favor of the applicant* unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. §10908(9) (emphasis added).

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908.

[5] Section 916.1(a)-(c) of the MPC, added by the Act of December 21, 1988, P.L. 3129, *as amended*, 53 P.S. §10916.1(a)-(c), sets forth the procedures for challenging the validity of an ordinance that prohibits or restricts the use or development of land in which the owner has an interest. It further provides that if the governing body or the zoning hearing board fails to act on the landowner's request within 45 days after the conclusion of the last hearing, a denial of the request is deemed to have occurred on the 46th day after the close of the last hearing. 53 P.S. §10916.1(c)(6)-(7).

6

The purpose of a deemed approval is to ensure the "orderly disposition of pending governmental matters … [lest a board] effectively prevent the erection of needed structures through the simple process of luxurious lolling while spiders of inattention spin webs of indifference over pending public problems." *Gibraltar Rock, Inc. v. New Hanover Township Zoning Hearing Board*, 68 A.3d 1012, 1019 (Pa. Cmwlth. 2013) (quoting *Monroeville v. Foltz,* 290 A.2d 269, 271 (Pa. Cmwlth. 1972)). Where a land use application has been deemed approved under Section 908 of the MPC, a mandamus action is the proper vehicle to compel the issuance of the permit. *Id.* at 1018. Mandamus is an extraordinary writ. It will issue to compel performance of a ministerial duty where the petitioner establishes a clear legal right to relief, a corresponding duty in the defendant, and a lack of any other appropriate or adequate remedy. *In re Bedow*, 848 A.2d 1034, 1037 (Pa. Cmwlth. 2004). Mandamus does not establish legal rights but is used to enforce those rights that have already been established. *Id.* When an applicant seeks a deemed approval of its zoning application, "[t]he merits of the application are irrelevant; a board's inaction will subject it to a writ of mandamus ordering a deemed decision." *Gibraltar Rock*, 68 A.3d at 1018.

After viewing the record in the light most favorable to All State, the non-moving party, we conclude that the trial court erred in concluding that there was no genuine issue of material fact. The parties do not dispute that All State prepared and submitted its permit applications at the September 9, 2013, Borough Council meeting. It is also undisputed that as of March 12, 2014, when All State filed its mandamus action, more than 180 days had passed without action upon All State's applications. There are, however, several facts that the parties dispute.

7

These include the central question of whether the Borough has a Zoning Hearing Board that could have accepted All State's billboard permit applications.

To show that it has a Zoning Hearing Board, the Borough, in its motion for summary judgment, submitted the affidavit of Tom Repole, a former president and a current member of the Zoning Hearing Board. In response, All State submitted an affidavit executed by its attorney, who attested that the Borough had advised him that there was no Zoning Officer or Zoning Hearing Board. Rather, he was informed that the Borough, through its Council, was acting as the Zoning Hearing Board in reviewing All State's applications.

The parties disputed the same fact again during the oral argument. In response to the Borough's argument that All State had submitted its applications to the wrong entity, All State's counsel stated:

> If they had one [zoning officer], I haven't met the individual to this date. I haven't been told. I heard today there was one, or in the brief. I haven't met the guy, be happy to go meet with him. Never happened….

R.R. 261a-262a; C.R., Transcript of Oral Argument, at 17-18. The Zoning Ordinance authorized the Borough Council to appoint a Zoning Hearing Board. R.R. 120a; C.R., Motion for Summary Judgment, Exhibit A, at 4. It is unclear, however, whether the Borough Council had done so during the period of time relevant to All State's application.

The parties also dispute whether All State's applications were accepted by the Borough. The Borough argued that, even assuming All State had properly submitted the applications, Borough Council never accepted them and did not hold a hearing on them. All State points to the minutes of the September 9,

8

2013, Borough Council meeting, which reported that the Council had accepted and discussed the applications at that meeting.

These factual disputes are material because they relate directly to whether All State has a clear legal right to relief by virtue of a deemed approval of its applications. It may be that the Borough Council acted as the Zoning Hearing Board; accepted All State's applications; and that the Borough Council's meeting of September 9, 2013, functioned as a hearing. If so, then All State could be entitled to a deemed approval of its applications pursuant to Section 908(9) of the MPC, 53 P.S. §10908(9).

The Borough argues that All State does not have a clear legal right to have the permits issued because Section 213 of the Zoning Ordinance prohibits the exact type of billboards that All State was seeking to erect, *i.e.*, billboards that advertise businesses not located on the premises. Borough Brief, at 9. Whether the Zoning Ordinance allows or prohibits off-premises advertising is irrelevant. As we observed in *Gibraltar Rock*, "the purpose of mandatory time limits is to protect an applicant from dilatory conduct by the municipality." *Gibraltar Rock*, 68 A.3d at 1020 (quoting *Nextel Partners, Inc. v. Clarks Summit Borough/Clark Summit Borough Council,* 958 A.2d 587, 593 (Pa. Cmwlth. 2008)). Thus, where an applicant seeks a deemed approval of its zoning application, "[t]he merits of the application are irrelevant; a board's inaction will subject it to a writ of mandamus ordering a deemed decision." *Id.* at 1018. Therefore, we need not consider whether the application would have been approved had the Borough rendered a decision within the time limits imposed by the MPC.

The Borough argues, next, that All State does not have a clear legal right to relief because its complaint cited the Pennsylvania Construction Code Act, which is inapplicable because All State was not applying for a construction permit. Pennsylvania is a fact pleading, rather than a notice pleading, jurisdiction, meaning that its "courts are presumed to know the law, and plaintiffs need only plead facts constituting the cause of action, and the courts will take judicial notice of the statute involved." *Heinly v. Commonwealth*, 621 A.2d 1212, 1215 n.5 (Pa. Cmwlth. 1993). All State's citation to the incorrect statute, by itself, will not preclude All State's recovery.

We also conclude that the trial court erred in holding that All State intended to raise a validity challenge to the Zoning Ordinance in its mandamus action. Mandamus is not the vehicle for establishing legal rights, and this forecloses the use of mandamus to challenge the validity of a zoning ordinance. *J.B. Steven, Inc. v. Council of Borough of Edgewood*, 658 A.2d 1, 2 (Pa. Cmwlth. 1995). We disagree, in any case, that All State challenged the validity of the Zoning Ordinance. In Paragraphs 22 and 23, the complaint quoted Section 213 of the Zoning Ordinance and then stated: "[t]he above-quoted ordinance, adopted in 1961, therefore excludes any billboard advertising of anything not produced, made, sold or displayed on site. It is therefore completely exclusionary to an otherwise lawful use." R.R. 7a; C.R., Complaint, ¶¶22-23. This was not, however, the basis of All State's requested mandamus relief, and the remaining paragraphs of the complaint did not touch upon that issue. Indeed, the Borough, in its brief, concedes that "[i]t is undisputed that … All State Signz never mounted a formal

10

validity challenge to Section 213 of the Borough's Zoning Code." Borough Brief at 8.

In holding otherwise, the trial court noted that All State had knowledge of Section 213 because it received a copy of the Zoning Ordinance from the Borough. All State's knowledge on this point is irrelevant, however, because it did not raise a validity challenge in its mandamus complaint.

For these reasons, the trial court erred in holding that no genuine issue of material fact existed and that All State's complaint raised a validity challenge to the Zoning Ordinance. Accordingly, we reverse the trial court's order and remand for further proceedings on All State's mandamus action consistent with this opinion.

_____
MARY HANNAH LEAVITT, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

All State Signz Company,         :
             Appellant     :
                          :
         v.             :    No. 293 C.D. 2016
                          :
Burgettstown Borough      :

# **O R D E R**

AND NOW, this 6th day of February, 2017, it is hereby ORDERED that the order of the Court of Common Pleas of Washington County, dated January 13, 2016, in the above captioned case is REVERSED. The matter is REMANDED to the Court of Common Pleas of Washington County to make findings of fact and render a new decision consistent with this opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge