**[J-43-2021][M.O. – Dougherty, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| IN RE:  THE NOMINATION PETITIONS OF RANIA MAJOR AS A DEMOCRATIC CANDIDATE FOR MUNICIPAL JUDGE IN PHILADELPHIA COUNTY | : : : : : | No. 15 EAP 2021 <br><br> Appeal from the Order of the Commonwealth Court dated 3/26/21 at No. 63 MD 2021 |
| OBJECTION OF:  TIMOTHY BROOKS AND CAROL BROOKS | : : : : | |
| APPEAL OF:  RANIA MAJOR | : | SUBMITTED:  April 1, 2021 |

### *CONCURRING OPINION*

**JUSTICE SAYLOR**                                    **DECIDED:  April 8, 2021**

I agree that the Commonwealth Court's order should be affirmed in light of (1) the legislative change highlighted by the majority, and (2) the stipulation by which Appellant agreed that, whether her nominating petition should be set aside depends on whether the addresses given by the signers must match their addresses as of the time they registered to vote.  *See* Stipulation at 5, ¶¶15-18.  Appellant thus does not request that any defect in the elector signatures be subject to potential cure as allowed by a discretionary determination of the Commonwealth Court.

I do note, however, that in other circumstances I would be open to an argument that such cure could take place.  In this regard, I believe that even where there is a legislative mandate as to the contents of a valid petition, "mandatory" does not automatically equate to "uncurable."  Reviewing courts should seek to protect the elective franchise to the extent possible consistent with the statutory text – a principle that has long been reflected in the case law.  *See Nomination Petition of Ross*, 411 Pa.

45, 48, 190 A.2d 719, 720 (1963) ("The Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice."); *see also In re Canvass of Absentee & Mail-in Ballots*, ___ Pa. ___, ___, 241 A.3d 1058, 1071 (2000) (plurality) (referring to the "well-settled principle of Pennsylvania election law that '[e]very rationalization within the realm of common sense should aim at saving the ballot rather than voiding it'" (quoting *Appeal of Norwood*, 382 Pa. 547, 552, 116 A.2d 552, 554-55 (1955))); *cf. In re Scroggin*, ___ Pa. ___, ___, 237 A.3d 1006, 1024 (2020) (Saylor, C.J., concurring and dissenting) (positing that the Commonwealth Court should, in its discretion, consider whether technical defects associated with candidate affidavits may be cured, notwithstanding that no extant statutory provision expressly addressed the topic).

In light of the above, I have difficulty joining the majority's analysis to the extent it may be read to suggest that a non-matching address is a disabling defect that can never be cured. *See* Majority Opinion, *slip op*. at 10 (referring to the requirement as a "so-called technicality" that "must be strictly enforced" (quoting *Scroggin*, ___ Pa. at ___, 237 A.3d at 1018)).