574 A.2d 119

**In re Nomination Petition of Carmella MINOTTI as Democratic Candidate for Office of Democratic Committeewoman for the 7th Ward, City of Easton, Northampton County, Pennsylvania.**

**Appeal of Sharon DAVIS–SHAFER.**

Commonwealth Court of Pennsylvania.

Argued April 11, 1990.

Decided April 25, 1990.

---

Bruce A. Thomas, Thomas & Thomas, Harrisburg, for appellant.

Theresa Hogan, Steven B. Molder, Easton, for appellee.

Charles W. Elliott, Brose, Poswistilo, Elliott & Elliott, Easton, for amicus curiae, City Committee of the Democratic Party of the City of Easton.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before us for consideration is the appeal of Sharon Davis–Shafer from an order of the Court of Common Pleas of Northampton County which sustained her objection to Carmella Minotti's nomination petition for Democratic committeeperson in the 7th Ward of the City of Easton on the

ground that Minotti's petition did not contain a sufficient number of genuine signatures, but nevertheless permitted Minotti to "amend" her invalid petition by filing an amended petition containing a sufficient number of genuine signatures. It is specifically from the terms of the order permitting an amended petition that Davis–Shafer appeals.

Davis–Shafer is secretary of the Easton City Democratic Committee and is a duly nominated candidate for the office of Democratic committeeperson in Easton's 7th Ward. Minotti filed the nomination petition here in question for the same office on March 6, 1990, the last day on which petitions could be filed.[1] Section 912.1(35) of the Election Code,[2] 25 P.S. § 2872.1(35), requires that a candidate for such an office file a nomination petition which contains a minimum of ten valid signatures of registered and enrolled members of the proper party. Minotti's petition contained fifteen signatures. However, Davis–Shafer timely filed a petition objecting to Minotti's nomination petition and alleged, *inter alia,* that nine of the fifteen signatures were not genuine because they "appear to be in the same handwriting" and did not match the signatures contained in the voter registration records of the Northampton County Election Commission.

A hearing on Davis–Shafer's objections was held on March 21, 1990 by the common pleas court. Before that court, the parties stipulated that the signatures on Minotti's petition on lines 1 through 7 and on lines 14 and 15 were signed by Minotti herself with the verbal authorization of those individuals whose names were signed.[3] Minotti's counsel then presented argument to the effect that the Election Code did not preclude Minotti from signing the

1. Section 913(d) of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L.1933, *as amended,* 25 P.S. § 2873(d), provides that "[a]ll nomination petitions shall be filed on or before the tenth Tuesday prior to the primary."

2. Section 912.1 was added to the Election Code by Section 2 of the Act of December 12, 1984, P.L.968, effective January 1, 1985.

3. At argument, counsel for Minotti informed us that the "verbal authorization" was apparently given by telephone.

names of electors with their authorization. However, the common pleas court, relying on our decision in *Petition of Thompson*, 102 Pa.Commonwealth Ct. 110, 516 A.2d 1278 (1984), among others, correctly declared these signatures invalid and ordered them stricken from the nomination petition.

Minotti's counsel then presented argument in the alternative, the gravamen of which was that the common pleas court, pursuant to Section 977 of the Election Code, 25 P.S. § 2937, possessed the discretion to allow Minotti to amend her petition by submitting the actual signatures, because the signatures had previously been authorized by the electors themselves. The court allowed testimony by four of the electors whose names Minotti had signed,[4] and all testified that they had indeed given Minotti permission to sign their names, and, that given the opportunity to personally sign her petition, they would be willing to do so.

The common pleas court thereafter entered the following order:

> AND NOW, this 22nd day of March, 1990, after a hearing on the matter, the Court finds that the nomination petition of Carmella Minotti is defective because it does not contain a sufficient number of genuine signatures and is hereby set aside. Mrs. Minotti may, within five (5) days from this date, file an amended petition with the actual signatures of electors Cuvo, DeNardo, Hunter and Dubino [sic] and may amend the other defects apparent on the face of the petition so that it complies with the requirements of the Election Code, 25 P.S. § 2600 et seq.

The court gave five reasons in its order explaining the rationale underlying the decision. Germane to this appeal, the court stated that Minotti presented credible testimony from four electors whose names appeared on her petition, supporting her request to amend the nomination petition; and that, while it did not condone Minotti's practice, the court found the evidence "substantial and sufficient" to

---

4. These electors were Josephine Cuvo, Frank DeNardo, Pauline Hunter, and Betty Durbino.

permit it to exercise its discretion under Section 977 of the Election Code and allow Minotti to amend her petition.

The court's order thus had the following effect. By striking nine of the fifteen signatures on Minotti's petition, the court reduced the number of valid signatures to six, or four short of the required ten. Then, by allowing Minotti to amend her petition by filing an amended petition containing the genuine signatures of the four electors named *supra,* the court in effect allowed Minotti to file a petition containing sufficient genuine signatures after the statutory filing deadline.

Davis–Shafer filed the instant appeal on March 27, 1990, and moved for summary reversal of the common pleas court or, in the alternative, for an expedited schedule for the appeal in the Commonwealth Court. By per curiam order dated April 2, 1990, this Court denied Davis–Shafer's motion for summary reversal, there being no authority for such action, but directed that briefs be filed by April 6, 1990, that the record be certified to this Court by that date, and that argument be held on April 11, 1990.[5]

The sole issue before us on appeal is whether the signatures of electors signed by Minotti and not by the electors themselves are "defects apparent on the face of the nomination petition" and thus amendable at the discretion of the

5. In the interim, on March 27, 1990, Minotti filed her amended nomination petition. On March 30, 1990, Davis–Shafer filed a petition objecting to Minotti's amended nomination petition with the common pleas court and, by order dated April 2, 1990, that court scheduled a hearing on the amended petition and the objections thereto for April 11, 1990. Counsel informed us at oral argument that the common pleas court hearing had been continued pending this appeal. Because of the manner of our disposition of this matter, the proceeding in the court below has been rendered moot. Further, although counsel for Davis–Shafer prudently filed a precautionary objection to Minotti's amended petition, it is clear under Pa. R.A.P. 1701(a) that once Davis–Shafer appealed to this court, the common pleas court lacked jurisdiction to proceed further in this case. In addition, on April 6, 1990, counsel for Minotti filed with this court a motion for stay of these proceedings pending the common pleas court's disposition of Davis–Shafer's petition objecting to Minotti's amended petition. While we did not act on this motion prior to argument before this court, it too is rendered moot by our disposition of this matter.

common pleas court under Section 977 of the Election Code. That section provides in pertinent part:

> If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, or if any accompanying or appended affidavit contains a material defect or error it shall be set aside. For purposes of this section, a nomination petition or paper shall include all affidavits required to be filed with such nomination petition or paper under this act. If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify.

From our review of Section 977, two things are apparent. First, the common pleas court does indeed have discretion under this section to permit amendments of nomination petitions where objections are made to *"material errors or defects apparent on the face of the nomination petition."* *See, e.g., Nomination Petition of Wagner,* 102 Pa.Commonwealth Ct. 174, 516 A.2d 1276, *aff'd,* 510 Pa. 583, 584, 511 A.2d 754 (1986). Second, however, Section 977 also provides that a nomination petition, defective under Section 976 of the Election Code, 25 P.S. § 2936, or which does not contain a sufficient number of *genuine* signatures, *shall* be set aside.

Section 976 of the Election Code provides in pertinent part:

> No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or (b) it contains material alterations made after signing without the consent of the signers; or (c) it does not

contain a sufficient number of signatures as required by law; Provided, however, That the Secretary of the Commonwealth or the county board of elections, although not hereby required so to do, may question the genuineness of any signature or signatures appearing thereon, and if he or it shall thereupon find that any such signature or signatures are not genuine, such signature or signatures shall be disregarded in determining whether the nomination petition, nomination paper or nomination certificate contains a sufficient number of signatures as required by law. . . .

Reading, as we must, Sections 976 and 977 of the Election Code in pari materia, 1 Pa.C.S. § 1932, we conclude that the General Assembly distinguished between "defects apparent on the face of the nomination petition" and a petition which does not contain a sufficient number of genuine signatures. In *Ross Nomination Petition*, 411 Pa. 45, 190 A.2d 719 (1963), our Supreme Court noted the distinction between the statutory "enumerat[ion] of specific grounds ... for the setting aside of a nomination petition," *id.*, 411 Pa. at 48, 190 A.2d at 720, and "other objections to a nomination petition" to which the court in its discretion may allow amendment. *Id.*

In the instant case, the common pleas court relied on that portion of Section 977 of the Election Code which permits the court to allow amendments at its discretion. However, that discretion is clearly limited to defects apparent on the face of the nomination petition. The common pleas court did not so characterize the disputed signatures on Minotti's petition, and rightly so. Whether or not a signature is genuine can be determined only through the receipt of evidence extrinsic to the face of the petition. Therefore, by definition such a defect cannot be apparent on the face of a petition as would a missing date or occupation for instance. Accordingly, it is Section 976 of the Election Code, and not Section 977, which controls. Just as significant to our holding, that signatures which are not genuine are not apparent on the face of the petition and are material de-

fects, is the obverse principle that valid and genuine signatures are essential to the very validity of the petition itself.

Under Section 976, signatures which are found not to be genuine must be struck. No provision for amendment of such invalid signatures is provided for and we decline in light of our discussion above to read such a provision into that section. While we are mindful that the Election Code "must be liberally construed so as not to deprive an individual of [her] right to run for office," *Ross*, 411 Pa. at 48, 190 A.2d at 720, we believe that to permit amendments to a nomination petition such as those contemplated here would render meaningless determinations of genuineness under Section 976 and would open the door to fraud.

Accordingly, for the reasons stated above, that portion of the common pleas court's order which permitted Carmella Minotti to file an amended petition is reversed. That portion of the order finding Minotti's original petition defective and setting it aside because it did not contain the requisite number of signatures is affirmed.

## ORDER

AND NOW, April 25, 1990, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed in part and affirmed in part. That part of the court's order which permitted the filing of an amended nomination petition is reversed, and that part of the order which set aside the nomination petition for insufficient genuine signatures is affirmed.

The Board of Elections of Northampton County is directed not to certify the name of Carmella Minotti as a candidate for Democratic committeeperson for the 7th Ward, City of Easton.

The Prothonotary is directed to notify forthwith the parties and also forward a certified copy of this order to the Board of Elections of Northampton County.

Each party is to bear her own costs.