674 A.2d 224

In re NOMINATION PETITION OF Susan M. SILCOX (Candidate for Republican State Committee).

Petition of Kevin M. PASQUAY.

Appeal of Susan M. SILCOX.

Supreme Court of Pennsylvania.

Submitted March 28, 1996.

Decided April 3, 1996.

Robert B. Surrick, Media, for Susan M. Silcox.

Bradley K. Moss, Philadelphia, for Kevin M. Pasquay.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION

NIX, Chief Justice.

■ Appellant, Susan M. Silcox, appeals from the Order of the Commonwealth Court, which granted the petition to set aside her nomination petition allowing her to run as candidate for the Republican State Committee in the 5th Senatorial District, City of Philadelphia, Commonwealth of Pennsylvania. The issue presented for this Court's review is whether section 908 of the Pennsylvania Election Code, 25 P.S. § 2868, requires the elector who signs a nomination petition to write his occupation, place of residence and date on that petition. For the reasons that follow, we affirm the Order of the Commonwealth Court.

The facts in this case are not in dispute. Susan M. Silcox filed with the Secretary of the Commonwealth a nomination petition for the position of candidate for the Republican State Committee representing the 5th Senatorial District. On February 20, 1996, Kevin M. Pasquay filed with the Commonwealth Court a petition to set aside the nomination petition of Ms. Silcox. Specifically, Mr. Pasquay challenged all fifty

signatures contained on page four of the nomination petition on the ground that the place of residence, occupation and date of signing had been written by someone other than the elector who signed the petition.[1]

The Commonwealth Court granted Mr. Pasquay's petition to set aside Ms. Silcox's nomination petition. That court found that "[s]ection 908 of the Code . . . provides, in addition to signing the petition each elector 'shall add his [or her] occupation and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers . . . .' " *In re Nomination Petition of Silcox,* No. 187 M.D.1996, slip op. at 2 (Commw.Ct. Mar. 8, 1996) (quoting 25 P.S. § 2868). The Commonwealth Court then went on to invalidate all fifty signatures on page four because the addresses, occupations and dates contained in lines 1 through 50 were written in the same handwriting. *Id.* As a result, Ms. Silcox's nomination petition was set aside because it contained less than the one hundred signatures required by section 912.1(30) of the Pennsylvania Election Code, 25 P.S. § 2872.1(30).

Ms. Silcox argues that the Commonwealth Court erred when it invalidated the fifty signatures because a third party filled in the address, occupation and date of signature. She submits that pursuant to *In re Nomination Petition of Ross,* 411 Pa. 45, 190 A.2d 719 (1963), the Election Code is to be liberally construed to avoid depriving a person of the right to run for office or a voter the right to elect the candidate of his or her choice. Thus, she asserts that once the elector signs the petition a third person may fill in the address, occupation and date of signature. To find otherwise, she argues, would be inconsistent with the public policy announced in *In re Nomination Petition of Ross, supra.*

Mr. Pasquay argues to the contrary that the clear language of section 908 mandates that an elector sign his name to the nomination petition as well as add his occupation, residence and date of signing. He states that this requirement is

---

1. Mr. Pasquay raised other challenges to the nomination petition; however, those challenges are not at issue in this appeal.

mandatory, not optional. Thus, it is his position that the Commonwealth Court properly construed section 908 when it set aside the nomination petition of Ms. Silcox. We agree.

█ The Pennsylvania Election Code must be liberally construed so as not to deprive an individual of his right to run for office or the voters of their right to elect a candidate of their choice. *In re Nomination Petition of Ross,* 411 Pa. 45, 190 A.2d 719 (1963). With this directive in mind, we must look at the section of the Code at issue. Section 908 of the Election Code provides, in pertinent part, that in addition to signing the nomination petition each elector *"shall add* his occupation and residence, giving city, borough or township, with street and number, if any, and *shall also add* the date of signing, expressed in words or numbers...." 25 P.S. § 2868 (emphasis added). The language of this statute clearly requires the elector to sign the petition, add his occupation and residence, and also add the date of signing. When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). Therefore, until the legislature chooses to amend section 908, we are constrained to find that the elector shall sign the petition as well as add his occupation, residence, and date of signing.

Additionally, it has been held that section 908 requires that an elector signing a nomination petition also add his occupation, residence, and date of signing and that this information must be written by the elector himself. *In re DiMarzio,* 65 D. & C.2d 477, 482 (1974) (citing *Lavery's Nomination Papers,* 4 D. & C. 437 (1923); *In re Deitrich Nomination Petition,* 37 Northumb.L.N. 109 (1965)). Although this is a case decided by the court of common pleas, we find it instructive. Moreover, we presume that the legislature is aware of this decision and has refrained from amending section 908.

Thus, consistent with *In re DiMarzio,* we hold that section 908 of the Pennsylvania Election Code requires the elector who signs the nomination petition to add his occupation, residence, and date of signing. The Commonwealth Court

therefore correctly invalidated the fifty signatures on page four because the occupation, residence and date of signing were added by someone other than the elector.

Accordingly, the Order of the Commonwealth Court setting aside the nomination petition of Susan M. Silcox is affirmed.