697 A.2d 235

**In re Nomination Petition of Margaret M. STUSKI,**

**v.**

**Pauline LAUER.**

**Appeal of Margaret M. STUSKI.**

Supreme Court of Pennsylvania.

Submitted April 16, 1997.

Decided April 22, 1997.

Opinion Filed June 17, 1997.

Margaret M. Stuski, pro se.

Karen M. Balaban, Harrisburg, for Pauline Lauer.

Michael Fisher, Attorney General, for Appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## ORDER

AND NOW, this 22nd day of April, 1997, appellant's appeal is DENIED and the order of the Commonwealth Court is AFFIRMED. A written opinion will follow.

## OPINION OF THE COURT

CASTILLE, Justice.

On April 22, 1997, this Court issued a *per curiam* order denying appellant's *pro se* direct appeal and affirming the

order of the Commonwealth Court setting aside appellant's nomination petition to appear on the May 20, 1997, primary ballot as a Democratic candidate for Justice of the Supreme Court of Pennsylvania. The order also indicated that a written opinion would follow. In accordance with that order, the reasoning for denying appellant's direct appeal is contained herein.

## BACKGROUND

1. *Relevant Statutes:*

Section 912.1 of the Pennsylvania Election Code provides, in pertinent part, as follows:

Candidates for nomination of offices listed below shall present a nominating petition containing at least as many valid signatures of registered and enrolled members of the proper party as listed below:

\* \* \* \* \*

(8) Justice of the Supreme Court: One thousand including at least one hundred from each of at least five counties.

25 P.S. § 2872.1(8). Section 908 of the Election Code requires, in pertinent part, that:

Each signer of a nomination petition shall sign but one such petition for each office to be filled, and shall declare therein that he is a registered and enrolled member of the party designated in such petition. . . . He shall also declare therein that he is a qualified elector of the county therein named. . . . He shall add his occupation and residence, giving city, borough or township with street and number, if any, and he shall also add the date of signing expressed in words or numbers.

25 P.S. § 2868.

2. *Factual and Procedural Background:*

On March 11, 1997, a Nomination Petition was filed with the Pennsylvania Department of State, Bureau of Commissions, Elections and Legislation ("Election Bureau"), to nominate

appellant for the position of Justice of the Supreme Court of Pennsylvania in the Democratic primary election to be held on May 20, 1997. Although appellant obtained more than one thousand signatures as required by Section 912.1(8) of the Election Code, appellant obtained only one hundred or more signatures from only five counties, one of which was Monroe County. The Monroe County petition contained one hundred and three signatures.[1]

On March 18, 1997, Pauline Lauer (appellee) filed a Petition to Set Aside Appellant's Nomination Petition with the Commonwealth Court under its original jurisdiction.[2] The Petition to Set Aside challenged twenty-four signatures contained in appellant's nomination petition from Monroe County on the grounds that: (1) some signers were not lawfully registered voters of Monroe County; (2) some signatures were printed; (3) some information for the signers was filled in by someone other than the purported signers; and, (4) some of the signers failed to provide either their occupation or date of signing. The Petition to Set Aside alternatively challenged the Monroe County nomination petition on the grounds that the signature on the affidavit of the circulator for three pages of the Monroe County nomination petition was not that which appeared on the circulator's Monroe County voter registration card.[3]

1. Appellant's Monroe County petition actually contained 104 signatures. However, the Election Bureau only accepted 103 signatures because it struck one signature since a column requiring the signer to list his occupation was left completely blank.

2. The Commonwealth Court had exclusive original jurisdiction over the Petition to Set Aside pursuant to 42 Pa.C.S. § 764.

3. Section 909 of the Election Code requires the circulator of each sheet of the nomination petition to sign an affidavit setting forth:

(a) that he or she is a qualified elector duly registered and enrolled as a member of the designated party of the State, or of the political district, as the case may be, referred to in said petition ...; (b) his residence, giving city, borough or township, with street and number, if any; (c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date opposite his name; and (g) that, to the best of the affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled mem-

342

On March 19, 1997, the Commonwealth Court issued an order scheduling a hearing for April 3, 1997 on the Petition to Set Aside. The order directed that appellant or an adult member of her household be personally served with both the scheduling order and a copy of the Petition to Set Aside on or before 5:00 p.m. on March 25, 1997. Because of difficulties in personally serving appellant, appellee sought court approval to effectuate alternative service on appellant.[4] The Commonwealth Court approved the request for allowing alternative service and permitted service to be effectuated by either posting the required papers at appellant's residence or serving the person in charge of appellant's place of business. Appellee subsequently filed an affidavit of service indicating the required papers were served at appellant's place of business on March 27, 1997.

On April 3, 1997, the Commonwealth Court (Doyle, J., acting as trial judge) held a hearing on the Petition to Set Aside. Even though appellant was present at the hearing, she first challenged the Petition to Set Aside by making an oral motion to dismiss on the grounds that proper service was not effectuated. The Commonwealth Court denied the motion because it determined that service was properly made and that appellant presented no evidence which indicated that service was improper.

On April 4, 1997, the Commonwealth Court found that twenty signatures on the Monroe County nomination petition were defective for the following violations of Section 908 of the Election Code: fourteen of the signatures were not of people registered as Democratic voters in Monroe County;[5] one

bers of the designated party of the State, or the political district, as the case may be.
25 P.S. § 2869.

4. In appellee's motion seeking permission for alternative service, appellee attached the affidavit of the person who endeavored to personally serve appellant. The affidavit shows that the process server unsuccessfully attempted to personally serve appellant seven times over a five day period.

5. Of these fourteen signatures stricken for not being registered Democratic voters of Monroe County, six of the signatures had alternative

signature was printed; and five signatures did not complete the column for "house number," "city, borough or township," "occupation," or "date of signing." The removal of these twenty signatures brought the number of valid signatures on appellant's Monroe County petition to eighty-three; which is below the one hundred signatures required by Section 912.1(8) of the Election Code. The Commonwealth Court also found that three pages of the Monroe County nomination petition were defective since the affidavit of the circulator for those three pages was completed by someone who was not a registered Democratic voter in Monroe County. Thus, because Section 912.1(8) of the Election Code, 25 P.S. § 2872.1(8), requires a candidate for Justice of Supreme Court to have one thousand signatures on their nomination petition with at least one hundred signature from each of at least five counties, and the Monroe County nomination petition was one of only five county petitions submitted with one hundred signatures, the Commonwealth Court granted the Petition to Set Aside and directed the Secretary of the Commonwealth not to certify appellant's name for the primary ballot.

On April 7, 1997, appellant filed a Notice of Appeal with this Court pursuant to 42 Pa.C.S. § 723(a).[6] As noted above, this appeal was denied in a *per curiam* order dated April 22, 1997.

## LEGAL DISCUSSION

1. *Service of Process:*

Appellant first claims that the Commonwealth Court erred in denying her motion to dismiss the Petition to Set Aside for failure to effect proper service. Section 977 of the Election

grounds for being stricken. The alternative grounds were that five of the signatures were printed and thus, the signatures did not match those on the Monroe County voter registration cards, and one failed to complete the "city, borough or township" column of the nomination petition.

6. Petitioner also filed with this Court an Emergency Application for Stay of the Set Aside order of Commonwealth Court. On April 11, 1997, this Court denied appellant's Emergency Application. On April 16, 1997, appellant filed an Emergency Application for Reconsideration of Denial of Stay/Supersedeas. On April 22, 1997, this Court denied appellant's Emergency Application for Reconsideration.

Code provides that once the court is presented with a petition setting forth objections to a nomination petition,

> [it] shall make an order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination petition or paper, and specifying the time and manner of notice that shall be given to the candidate or candidates named in the nomination petition or paper sought to be set aside.

25 P.S. § 2937.

Here, after initial attempts to personally serve appellant were unsuccessful, appellee sought approval from the Commonwealth Court to make alternative service on appellant. On March 26, 1997, the Commonwealth Court approved appellee's request and allowed appellee to serve appellant by either posting the required papers at appellant's residence or by serving the person in charge of appellant's place of business. The affidavit of service produced at the hearing showed that all of the required documents were properly served on appellant in accordance with the manner specified by the Commonwealth Court order allowing alternative service. Appellant presents no evidence to refute that service was properly effectuated in accordance with the Commonwealth Court's order. Accordingly, appellant's first issue is without merit.

## 2. *Petition to Set Aside*

Appellant's second claim is that the Commonwealth Court erred in granting the Petition to Set Aside. As noted above, Section 912.1(8) of the Election Code requires a person seeking the nomination for Justice of the Supreme Court to obtain one thousand signatures on their nomination petition with at least one hundred signatures from each of at least five counties. Also, Section 908 of the Election Code mandates that all persons signing nomination petitions be registered voters of the county therein and list their occupation, residence and date of signing the petition. *See also, In re Silcox,* 543 Pa. 647, 649, 674 A.2d 224, 225 (1996) (Section 908 of the Election Code requires the elector who signs the nomination petition to

also personally add in his own writing his occupation, residence and date of signing).

Here, appellant's Monroe County nomination petition had one hundred and three signatures and was one of the five counties where she attempted to present over one hundred signatures as required by Section 912.1(8) of the Election Code. As noted above, the Commonwealth Court struck twenty signatures from the nomination petition for failing to meet the requirements of Section 908 of the Election Code. By doing so, appellant failed to have 100 signatures on her nomination petition from Monroe County. Appellant presents no evidence which suggests that the Commonwealth Court's finding was not supported by the evidence. Thus, since Monroe County was one of the five counties wherein appellant needed to have over one hundred signatures to support her nomination for Justice of the Supreme Court of Pennsylvania, and since appellant had less than 100 qualified signatures on her Monroe County nomination petition, the Commonwealth Court correctly set aside appellant's nomination petition.[7] Accordingly, appellant's second issue is without merit.[8]

7. Appellant argues that the Commonwealth Court erred in considering objections to signatures which were not specifically raised in appellee's Petition to Set Aside. A trial court, within its discretion, can allow objections to be amended. *In re Beynon Appeal*, 370 Pa. 532, 88 A.2d 789 (1952). Also, as long as an objection has been made to signatures on the nomination petition, the challenging party can make other challenges to those signatures based on the Election Code during the hearing on the petition to set aside. *In re Nomination Petition of Cooper*, 163 Pa.Commw. 430, 643 A.2d 717 (1994). Our review of the record demonstrates that nineteen out of the twenty signatures stricken by the Commonwealth Court were stricken for at least one of the reasons specifically challenged by appellee in her Petition to Set Aside. Thus, this argument fails.

Appellant also argues that the Commonwealth Court should have allowed her to amend her nomination petition in order to cure any defects found. However, the Commonwealth Court found that fourteen of the signatures on the nomination petition were not of registered Democratic voters in Monroe County. Since this defect alone put appellant below the one hundred signature requirement of Section 912.1(8) of the Election Code and this is a defect which cannot be cured by amendment, appellant's argument must fail.

8. Appellant alternatively argues that the Commonwealth Court erred in setting aside appellant's nomination petition because one of the

### 3. *Constitutionality:*

Appellant's third and final claim is that the requirements in Section 908 of the Election Code requiring a signer to provide his occupation, residence and date of signing is unconstitutional. Besides not providing this Court with any specific constitutional provision or provisions which she believes Section 908 of the Election Code violates, appellant failed to raise this issue below. Thus, this issue is waived. Pa.R.A.P. 302 ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

## CONCLUSION

Accordingly, for the reasons stated above, appellant's appeal is denied and the order of the Commonwealth Court setting aside appellant's nomination petition to appear on the May 20, 1997, primary ballot as a Democratic candidate for Justice of the Supreme Court of Pennsylvania is affirmed.[9]

NIGRO, J., concurs in the result.

---

grounds alleged for setting aside the nomination petition (that the signature of the affidavit of the circulator of three pages of the Monroe County nomination petition did not match the signature on the Monroe County voter registration card) was defective since no actual registration card existed for that circulator. Since the grounds listed above were sufficient to independently support the Commonwealth Court's decision to set aside appellant's nomination petition, this Court need not reach the merits of this issue.

9. Because election matters are time sensitive, both parties were ordered to file their written briefs for this appeal on April 16, 1997. On the day this Court issued its order denying appellant's appeal, it was presented with an appellee's Application for Post–Submission Communications and appellant's response thereto. In appellee's Application, appellee seeks counsel fees and damages as allowed under Rule 2744 of the Rules of Appellate Procedure because it believes that appellant's appeal was frivolous and taken solely for the purpose of delay. While appellant's appeal may not always have been the model of clarity and firmly grounded in the law, we find that appellant neither undertook this appeal solely for delay nor that her appeal was frivolous. Thus, we deny appellee's Application for Post–Submission Communications.