The PETITION TO SET ASIDE the NOMINATION OF Kathleen M. FITZPATRICK as a Democratic Candidate for the Office of Councilperson for the Seventh Councilmatic District of the City of Philadelphia.

Objection of Candido Silva, Barbara Stuhl, Eileen Miller, Chester Zalenski and Walter de Truex, Jr.

Appeal of Kathleen M. Fitzpatrick.

Commonwealth Court of Pennsylvania.

Argued April 8, 2003.
Decided April 8, 2003.

Ralph J. Teti, Philadelphia, for appellant.

Ira B. Shrager, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and MIRARCHI, Jr., Senior Judge.

## OPINION BY JUDGE FRIEDMAN.

Kathleen M. Fitzpatrick (Fitzpatrick) appeals from the March 25, 2003, order of the Court of Common Pleas of Philadelphia County (trial court), which set aside Fitzpatrick's Nomination Petition as a Democratic Candidate for the office of Councilperson for the Seventh Councilmanic District of the City of Philadelphia (Nomination Petition). We vacate and remand.

Fitzpatrick filed a timely Nomination Petition containing 1,454 signatures. Fitzpatrick needed only 750 signatures on the Nomination Petition in order to have her name placed on the May 20, 2003, primary ballot.

On March 18, 2003, Candido Silva, Barbara Stuhl, Eileen Miller, Chester Zalenski and Walter de Truex, Jr. (collectively, Objectors) filed a petition to set aside the Nomination Petition. The trial court held an evidentiary hearing, after which the number of signatures on the Nomination Petition was reduced to 744. Because the Nomination Petition lacked the requisite 750 signatures, the trial court issued an order setting aside the Nomination Petition.

■ Fitzpatrick appeals to this court, arguing that the trial court abused its discretion, erred as a matter of law or lacked substantial evidence in striking some of the signatures.[1]

## I. Missing Date

■ The trial court struck the following five signatures because of a missing date: page 1, line 15; page 4, line 2; page 14, lines 17 and 20; and page 21, line 39. Fitzpatrick argues that the defect is immaterial because the date of signing is apparent from the other dates appearing on these pages. We disagree.

1. Our scope of review is limited to whether the findings of fact are supported by substantial evidence, whether there was an abuse of discretion or whether errors of law were committed. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001). In reviewing the trial court's determination, we keep in mind that the Election Code must be liberally construed to protect a candidate's right to run for office and the voters' rights to elect the candidate of their choice. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001). A party alleging defects in a nominating petition has the burden of proving those defects. *Id.* Where a court is not convinced that challenged signatures are other than genuine, the challenge is to be resolved in favor of the candidate. *Id.*

Section 908 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2868, states that each signer of a nomination petition shall add the date of signing. Our supreme court has held that the failure to add the date of signing invalidates the signature. *In re Nomination Petition of Silcox,* 543 Pa. 647, 674 A.2d 224 (1996). Therefore, as a matter of law, the defect is *not* immaterial.

## II. Signing Two Petitions on Same Date

■ The trial court struck the signature on page 3, line 15 of the Nomination Petition because of evidence that the signer signed another petition on the same date. Fitzpatrick argues that the trial court erred in doing so because the challengers failed to meet their burden of proving that the signer signed the other petition before signing the Nomination Petition. We disagree.

Each signer of a nomination petition shall sign one such petition for each office to be filled. Section 908 of the Election Code, 25 P.S. § 2868. If a person shall sign any nomination petitions for a greater number of candidates than permitted under the provisions of this act, and "if said signatures bear the same date, they shall, upon objections filed thereto, not be counted on any petition." Section 977 of the Election Code, 25 P.S. § 2937. Here, because the signatures on the two petitions bear the same date, they shall not be counted on either petition.

## III. First Initial of First Name

The trial court struck the signature on page 19, line 17 because the signer used only the first letter of her first name. Fitzpatrick argues that, because the occupation of "housewife" identifies the signer as the woman who resides at the signer's address, the trial court should not have stricken the signature.[2] We disagree.

■ Where a signer uses simply the first letter of the first name, the signature may be stricken as an improper deviation from the elector's signature on the voter registration card. *In re Nomination Petition of Cooper,* 163 Pa.Cmwlth. 430, 643 A.2d 717 (1994). Thus, absent direct evidence that the signer intended the first initial of her first name to be a substitute for the first name in her signature, we conclude that the trial court did not err or abuse its discretion in striking the signature.[3]

## IV. Ditto Marks by Disabled

■ The trial court struck thirteen signatures because the signers used ditto marks to indicate their respective addresses and occupations. Fitzpatrick argues that the trial court abused its discretion by failing to consider Fitzpatrick's offer of proof that: (1) Fitzpatrick personally circulated her Nomination Petition to these signers at the Golden Slipper Jewish Home for the Aged; (2) all of the signers resided at the Golden Slipper Jewish Home for the Aged; (3) all of the signers were either in wheel chairs, bed-ridden, or on stretchers due to physical disabilities;

---

2. The first initial of the signer's first name is "E." Eugene and Elaine reside at the address shown on page 19, line 17. Fitzpatrick contends that Elaine signed the Nomination Petition and that the "E" in her first name on her voter registration card matches the "E" on the Nomination Petition.

3. An initial or nickname is a curable defect. *See Nomination Petition of Cooper.* Here, however, the only evidence offered was the voter registration card, which had the full name of the elector. Because the trial court determined that the full name was the elector's signature, the signature on the Nomination Petition did not match the signature on the voter registration card.

**862**

and (4) all of the signers were retired. We agree.

Federal law mandates that the rights of the disabled be preserved and facilitated. *Dipietrae v. City of Philadelphia,* 666 A.2d 1132 (Pa.Cmwlth.1995). The Americans with Disabilities Act imposes an affirmative duty upon the states to assure that all persons with disabilities are effectively able to exercise their constitutionally guaranteed rights, including those related to the right to vote.[4] 42 U.S.C. § 12132; *see Dipietrae.* The Federal Voting Rights Act provides that any voter who requires assistance to vote by virtue of a disability may be given assistance by a person of the voter's choice. 42 U.S.C. § 1973aa–6; *see Dipietrae.*

Here, the trial court refused to hear testimony as to whether the signers were physically disabled and, for that reason, used ditto marks when signing the Nomination Petition.[5] Because the trial court's refusal to hear such testimony may have deprived the signers of their right to elect a candidate of their choice, we conclude that the trial court abused its discretion in this regard.

Accordingly, we vacate and remand for consideration of evidence with respect to Fitzpatrick's offer of proof. In the event that the trial court finds that these challenged signers on page 39 of the Nomination Petition are qualified electors who reside at the Golden Slipper Jewish Home for the Aged and are retired, the trial court shall overrule the objections.

4. Section 1306.1 of the Election Code, added by section 23 of the Act of August 13, 1963, P.L. 707, 25 P.S. § 3146.6a, states that an elector qualified to vote by absentee ballot due to illness or physical disability may receive assistance in voting if there is a declaration regarding the disability on the voter registration card.

*ORDER*

AND NOW, this 8th day of April, 2003, the order of the Court of Common Pleas of Philadelphia County (trial court), dated March 25, 2003, is vacated, and this case is remanded to the trial court for further proceedings consistent with the foregoing opinion. The trial court shall hold a hearing on this matter forthwith.

5. This court has stated that, where a signer has placed *"some* mark" in the box indicating an abbreviation for the information requested, the signature shall not be stricken. *Nomination Petition of Cooper,* 643 A.2d at 725.