**In Re: The Nomination Papers of Monica A. TREICHEL as Candidate for State Representative in the 149th Legislative District**

**Joseph I. Breidenstein, Petitioner.**

Commonwealth Court of Pennsylvania.

Heard March 21, 2006.
Decided March 28, 2006.
Publication Ordered May 5, 2006.

Lawrence F. Flick, Norristown, for petitioner.

Jonathan S. Goldstein, Philadelphia, for respondent.

OPINION BY Judge FRIEDMAN.

Joseph I. Breidenstein (Objector) has filed a petition to set aside the Nomination Papers of Monica A. Treichel (Treichel), seeking to prevent her name from appearing on the Republican Party primary ballot as a candidate for State Representative from the 149th Legislative District. We deny Objector's petition.

Objector is a registered and enrolled Republican and a candidate for State Representative from the 149th Legislative District. Treichel needs 300 valid signatures to support her nomination, and her Nomination Papers purport to contain 559 valid signatures. However, in Paragraph 8 of the Objector's petition, Objector asserts that Treichel's Nomination Papers contain less than 300 valid signatures because of the inadequacies and deficiencies set forth in Exhibit B, attached and incorporated into Paragraph 8. In Paragraph 10 of the petition, without making any specific challenge and without incorporating any exhibit into the paragraph, Objector avers that the Affidavits and Jurats in the Nomination Papers are invalid.

At the hearing before this court, Treichel moved to dismiss Objector's petition based on defective service of Objector's petition upon the Secretary of the Commonwealth. However, Objector presented evidence establishing that he made proper service, and Treichel withdrew the motion.

The parties presented a joint stipulation, indicating that 140 signatures were uncontested and that 419 signatures were challenged. (Ex. P-3.) Objector then present-

ed the expert testimony of William Ries, a forensic document examiner, in support of Objector's signature challenges. Based on the evidence presented, this court makes the following determinations.

## I. Duplicate Signers

■ Objector asserts that Treichel's Nomination Papers contain duplicate signatures.[1] Having considered the evidence, we strike the following signatures: Page 1, line 5; Page 14, line 9; and Page 36, line 12. We deny the duplicate challenges to the following four (4) signatures and find that these signatures are valid.

Page 1, line 2

Page 14, lines 6, 8

Page 36, line 11

Based on these determinations, the total number of valid signatures at this point is 144.

## II. Same Person Writes for Others

■ Objector asserts that certain signatures are not valid because another person wrote the signer's name and/or other information for a signer.[2] Having considered the evidence, including the stipulations of the parties, we strike the following signatures: Page 2, lines, 2, 9, 10; Page 3, lines 2, 7; Page 4, line 9; Page 5, lines 2, 3, 6, 7; Page 6, lines 27, 34; Page 7, line 28; Page 11, line 4; Page 12, line 4; Page 15, line 13; Page 16, line 8; Page 17, lines 8, 15; and Page 18, line 5. We deny the challenges to the following sixty-three (63)

signatures and find that the signatures are valid.

Page 2, lines 3, 5, 6, 7, 8

Page 3, lines 1, 6

Page 4, lines 7, 8, 28, 29

Page 5, line 1

Page 6, lines 3, 4, 5, 6, 26, 33

Page 7, lines 15, 16, 17, 18, 20, 21, 23, 24, 27

Page 8, lines 1, 2

Page 10, lines 18, 19, 24, 25

Page 11, 1, 2, 3, 5, 6, 7, 8

Page 12, lines 1, 2, 3

Page 13, lines 9, 10

Page 14, line 1

Page 15, lines 2, 3, 9, 10, 11, 12

Page 16, lines 4, 5

Page 17, lines 7, 10, 11, 13, 14, 16, 18, 19

Page 18, line 4

Based on these determinations, the total number of valid signatures at this point is 207.

## III. Illegible Information

■ Objector asserts that sixty-five (65) signatures are not valid because the signatures or addresses are illegible. Signatures that are not sufficiently legible as to be capable of identification and hence cannot be associated with the signatures and/or addresses of a registered voter are invalid. *In re Elliott*, 26 Pa.Cmwlth. 20, 362 A.2d 438 (1976). However, in this case, Objector's expert witness did not attempt to associate any of the allegedly

---

**1.** Section 908 of the Election Code requires that each signer of a Nomination Petition sign but one such petition for each office to be filled. 25 P.S. § 2868. Section 908 of the Election Code also provides that, where there are to be elected two or more persons to the same office, each signer may sign petitions for as many candidates for such office as the signer could vote for at the succeeding election. *Id.* Here, only one person is to be elected to the office of State Representative

from the 149th Legislative District. Thus, a signer may sign only one petition.

**2.** Where a court finds that signatures are not genuine because they are in the same handwriting, the signatures will be stricken. *In re Petition of Minotti*, 132 Pa.Cmwlth. 623, 574 A.2d 119 (1990); *In re Petition of Thompson*, 102 Pa.Cmwlth. 110, 516 A.2d 1278 (1984).

illegible information with that found on the voter registration cards. Therefore, Objector failed to prove that any of the sixty-five (65) challenged signatures are so illegible that they cannot be associated with a registered voter. Adding these sixty-five (65) signatures to the previous total of valid signatures, there are now 272 valid signatures.

### IV. Information Written by Person other than Elector

 Objector asserts that eighty-three (83) signatures are not valid because the signers incorrectly wrote the city, township or borough of their residence as either "King of Prussia," "Haverford" or "Bryn Mawr" and/or that another person added the correct township name of "Upper Merion."[3] However, Objector fails to specifically set forth in his petition that either "King of Prussia," "Haverford" or "Bryn Mawr" is not the correct city, township or borough for any signer. Section 977 of the Election Code requires that a petition to set aside nomination papers "*specifically* set forth the objections thereto." 25 P.S. § 2937 (emphasis added). Because Objector's petition fails to specifically raise a "King of Prussia," "Haverford" or "Bryn Mawr" objection, we rule that the following signatures are valid.

Page 1, lines 1, 4, 7, 9

Page 4, lines 21, 22, 30, 33, 42

Page 6, lines 22, 23, 25, 26, 27

Page 7, lines 1–19

Page 10, lines 1, 3, 4, 6, 14, 20, 22, 23, 35, 38, 39, 40

Page 13, lines 2, 3, 4, 5

Page 14, line 3

Page 19, lines 3, 4, 5, 6, 7

Page 25, lines 3, 4

Page 26, lines 1, 19, 20, 21, 22, 23

Page 27, lines 1, 2, 3, 5, 6, 7, 8, 11, 12, 13, 14, 15, 17, 18, 19, 22, 24

Page 28, line 1

Page 35, lines 7, 8

Adding these eighty-three (83) signatures to the previous total, there are now 355 valid signatures.

### V. Invalid Dates

 Objector asserts that fifty-nine (59) signatures are not valid because the dates of signing are out of sequence or because the date of signing is later than the date of the notarization of the petition.[4] This court strikes the two signatures on Page 15, lines 15 and 16 because the date of signing is later than the petition's date of notarization. However, this court denies the following fifty-six (56) "out of sequence" challenges.

Page 4, lines 5–29, 30–40, 42, 45–48, 50

Page 18, lines 3–7

Page 27, lines 22–30

---

3. Section 908 of the Election Code requires that an elector signing a nomination petition add his/her city, township or borough and that this information must be written by the elector himself. *In re Silcox*, 543 Pa. 647, 674 A.2d 224 (1996). Section 976 of the Election Code states that no nomination petition may be filed if it contains material alterations made after signing without the consent of the signers. 25 P.S. § 2936. Here, where the signer indicated his or her mailing address rather than the township in which that elector resides, the alleged alteration/addition of the township is not material.

4. This court has upheld signatures that appear out of sequence. *In re Nomination Petition of Brown*, 846 A.2d 783 (Pa.Cmwlth. 2004); *In re Freeman*, 115 Pa.Cmwlth. 300, 540 A.2d 606 (1988) (stating that it is not necessary for signatures to appear in chronological order). However, where a signer sets forth a date of signing that is after the circulator and notary completed the Circulator's Affidavit, the signatures are invalid. *In re Nomination Paper of Nader*, 865 A.2d 8 (Pa. Cmwlth.2004).

Adding these fifty-six (56) signatures to the previous total, there are now 411 valid signatures.

### VII. Circulator/Notary Problems

■ Objector asserts that four (4) pages, containing a total of fifty-one (51) signatures, are not valid because of circulator deficiencies. However, Objector fails to specifically set forth this objection in his petition. *See* 25 P.S. § 2937. With respect to these fifty-one (51) signatures, Objector challenges thirty-eight (38) of them on other grounds. Therefore, we rule that thirteen (13) of the signatures are valid. Adding these thirteen (13) signatures to the previous total, there are now 424 valid signatures.

### VIII. Conclusion

The record shows that Objector's petition was organized in such a way that a single signature may have been challenged several times under multiple categories. As a result, this court found itself reviewing the same signature more than once. Because the process was extremely inefficient, this court, for the sake of judicial economy, ended its review after finding 424 valid signatures. This court then asked Objector to determine whether there were 125 other objections to the signatures already ruled valid, and Objector responded that there were not.

Accordingly, Objector's petition is denied.