992 A.2d 882

**In re Nomination Petition of Bryant BROWN, as a Candidate
for the Democratic Nomination for the Office of State
Representative for the 188th Legislative District.**

**Objection of James Roebuck.**

**Appeal of James C. Roebuck.**

Supreme Court of Pennsylvania.

Submitted April 9, 2010.

Decided April 29, 2010.

630

John P. Sabatina, Sabatina & Associates, for James R. Roebuck.

Lawrence M. Otter, Harrisburg, for Bryant Brown.

Louis Lawrence Boyle, for Bureau of Commissions, Elections and Legislation.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

PER CURIAM.

Appellant/challenger, James R. Roebuck, appeals from the order below, which denied his motion to amend and dismissed his petition to set aside the nomination petition of Appel-

lee/candidate, Bryant Brown, for State Representative from the 188th Legislative District in the May 2010 Democratic Party primary. Appellant had challenged numerous signatures in the nomination petition on the ground that the signatures belonged to voters who lived "out of district" and, therefore, were ineligible to sign Appellee's nomination petition. The line-by-line table listing the challenges referred to the "out of district" challenge as "OD" but in defining this designation, Appellant inadvertently referenced the 1st Senatorial District rather than the correct 188th Legislative District. Prior to the hearing in Commonwealth Court on the merits of his challenge, Appellant moved to amend his petition to set aside to refer to the correct electoral district. The trial court held such error was non-amendable, as it would constitute a new challenge after the expiration of the statutorily prescribed seven-day period for filing objections. *See* 25 P.S. § 2937. Appellant acknowledged that he could not sustain his challenge unless the amendment was permitted, and thus the trial court dismissed his petition to set aside. This appeal followed.

■ The trial court clearly erred in denying the dispositive motion to amend. Courts have discretion to allow amendment. *Stuski v. Lauer*, 548 Pa. 338, 697 A.2d 235 (1997); *In re Appeal of Beynon*, 370 Pa. 532, 88 A.2d 789 (1952). However, the authority is not unlimited. This Court has expressly recognized that the limits of such discretion are defined by the relationship between the attempted amendment and the timely-filed objections. *See Stuski, supra* at 238 n. 7 (holding that "as long as an objection has been made to signatures on the nomination petition, the challenging party can make other challenges to those signatures based on the Election Code during the hearing on the petition to set aside"); *Appeal of Beynon, supra* at 792 (holding that, "where, as here, there are general allegations of the specific grounds of invalidity which sufficiently advise the proposed candidate of the errors in his nomination petitions ..., it is not an abuse of discretion to allow an amendment").[1]

1. The lower court's reliance on *In re Nomination Petition of Delle Donne*, 779 A.2d 1 (Pa.Cmwlth.2001), is misplaced. In *Delle Donne,* the

■ Here, Appellant's petition was captioned and specifically pled in paragraphs three, four and eight that he was challenging Appellee's nomination petition and placement on the ballot for State Representative in the *188th Legislative District*. Moreover, Appellee knows that he is seeking the Democratic Party's nomination, from the 188th Legislative District for the office of State Representative in the General Assembly as this is the purpose in respect of which the nomination petition has been filed. As noted in *Beynon, supra,* the allegations must set forth the sufficiently specific grounds of invalidity to advise the proposed candidate of the errors in his nomination petitions so that he is in a position to present any defense he may have to such allegations. This standard was clearly met in the instant case. "Out of district" is a straightforward concept. As only qualified electors from that district can sign a nominating petition,[2] Appellee cannot credibly claim any confusion over Appellant's challenge.

For the foregoing reasons, we reverse the order dismissing the petition to set aside and we remand for further proceedings consistent with this opinion.

Commonwealth Court denied the challenger's offer of a supplemental petition to set aside and held that

> While it is true that, as long as an objection has been made to a specific signature on the nomination petition, the challenging party may enter other challenges to that signature on alternative grounds during the subsequent hearing, it is not the law that the challenging party may assert entirely new challenges in a supplemental petition to set aside, filed after the last day to file challenges under Section 977.

*Id.* at 4. Here, unlike *Delle Donne,* the amendment did not seek to raise an entirely new challenge, but merely to correct what amounted to a typographical error.

2.

Each signer of a nomination petition shall sign but one such petition for each office to be filled, and shall declare therein that he is a registered and enrolled member of the party designated in such petition: ... He shall also declare therein that he is a qualified elector of the county therein named, and in case the nomination is not to be made or candidates are not to be elected by the electors of the State at large, of the political district therein named, in which the nomination is to be made or the election is to be held.

25 P.S. § 2868.